ALBANY,
Jan. 1835.

The People
v.
M'Fadden.

## THE PEOPLE vs. M'FADDEN.

In an action on the statute, making it penal to cut and carry away trees from *the lands of the state*, and creating a penalty of $25 *for each tree cut*, it is competent to allege in *one count* of the declaration that the defendant is indebted in a sum equal to *twenty penalties*, and to recover any amount of penalties which it can be proved that the defendant has incurred, though the same be *less* than twenty.

THIS was an action brought for the recovery of *penalties* created by statute, for *trespassing* on lands belonging to the state, and cutting and carrying away timber growing thereon, tried at the *Cayaga* circuit in April, 1833, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The statute under which the action was brought is in these words: " Every person who shall trespass on any land belonging to the people of this state, or any Indian lands, by cutting or carrying away timber growing thereon, shall forfeit and pay the sum of twenty-five dollars for every tree that shall be cut or carried away by him, or under his direction." 1 *R. S.* 209, § 74. And by that portion of the revised statutes which treats " Of actions for Penalties and forfeitures," it is enacted that, " In actions of debt brought to recover any penalty or forfeiture given by any statute, it shall be sufficient, without setting forth the special matter, to allege in the declaration that the defendant is indebted in the amount of such penalty or forfeiture, to the officer, person or body for whose use the same is given ; whereby an action accrued according to the provisions of such statute, naming the subject matter thereof in the following form, ' according to the provisions of the statute concerning sheriffs,' naming the section, title and chapter of such statute as the case may require, or in some other similar terms referring to such statute ;" 2 *R. S.* 482, § 10 ; and by the 13 § of the last mentioned statute, it is enacted that the defendant may plead *nil debet*, and give in evidence under such plea any special matter which if pleaded would be a bar to the action. The declaration in this case was in debt for $500, which it was alleged the defendant

owned to and unjustly detained from the people of the state of New York. The declaration then proceeded to state that the defendant, on &c. at, &c. was and still is indebted to the said plaintiffs in the sum of $500, whereby an action hath accrued to the said plaintiffs, according to the provisions of § 74, art. 5, ch. 9, of the first part of the revised statutes, entitled regulations, &c. (referring to 1 *R. S.* 209, § 74;) concluding with the usual breach of non-payment. The defendant pleaded *nil · debet.* On the trial of the cause, it was proved that the defendant had committed a *trespass* on lands belonging to the state, and had cut and carried away a number of trees; but it was not proved that as many as *twenty* trees had been cut and carried away. The counsel for the defendant therefore insisted that the plaintiffs, having declared for a penalty of $500, and having failed to prove that *twenty trees* had been cut, which must be shown to entitle to a recovery of $500, ought to be *nonsuited.* The judge refused to grant a nonsuit, and, on the contrary, charged the jury that the plaintiffs were entitled to recover a penalty of $25 for each tree cut, and that the verdict ought to be for as many penalties as they should find trees to have been cut by the defendant. The jury found a verdict for the plaintiffs for $350 *debt* and $\frac{6}{100}$ damages. The defendant asked for a new trial.

*A. Taber,* for the defendant, insisted that, as the statute declared on, did not give a penalty of $500, but only $25 for every tree cut, the plaintiffs were not entitled to a recovery — they demanded a penalty not given by statute. If, however, the plaintiffs might unite *twenty* penalties and demand·all of them in one count, they were bound to prove that twentypenalties had been incurred, or they must fail. In support of these propositions, he cited *Cro. Jac.* 498, *Hobart,* 295, 1 *H. Black.* 249, *Peters' C. C. R.* 153. If wrong in these positions, he then contended that the plaintiffs were entitled to recover but *one* penalty, and cited 7 *Johns. R.* 134, 13 *id.* 253.

*Greene C. Bronson,* (attorney general,) for the people.

ALBANY,
Jan. 1835.

The People
v.
M'Fadden.

ALBANY,
Jan. 1835.

The People
v.
M'Fadden.

*By the Court,* NELSON, J. Had the statute given the penalty in this case directed it " to be recovered by action of debt," there could have been no doubt that it would have been competent to the pleader to have embraced in *one count* the cutting or carrying away of any number of trees, and to have recovered the amount of the penalties. He would, however, in such case, have been obliged to have set forth specially and accurately the facts bringing the defendant within the statute declared on. By a single count, thus framed, the defendant would be as fully apprised of the change against him, and be as well able to answer it, as if a separate count had been inserted in the declaration for each tree cut or carried away. Many trees may be cut or carried away by one act of *trespass,* and the form in which the penalty is given seems to be but a mode of ascertaining the amount to be recovered. I do not perceive that the defendant would have been better informed as to the subject matter of the suit, and thus enabled to make a better defence, had there been a count for each penalty ; and, besides, to require a count for each penalty, would defeat the great object of the legislature, of reducing the pleadings to the simplest form. I am not aware of any thing in the nature or form of this action impunging the declaration in this case, and it seems to be justified by the spirit of the statute. As to the right of a plaintiff, in an action of debt, to recover a sum less in amount than that specified in the introductory or other part of the declaration, there is no longer any doubt, unless there be a variance in the description of a written instrument or deed. 1 *Chitty's Pl.* 94, 107, 344. 2 *id.* 141, *n. c.*

New trial denied.