## Vallance *vs.* King.

The provisions of the revised statutes relating to excise, and the regulation of taverns and groceries, are not repealed by the act of May 14, 1845, in cases where the electors of a town have determined by vote, in pursuance of that act, that no license shall be granted for the sale of liquor.

Although a circuit judge commits an error in admitting testimony, yet, if in the progress of the trial such testimony becomes immaterial, and the court, upon an application to set aside the verdict, on a case, can see that the error of the judge could not have injured the party, it will not grant a new trial for that reason.

The rules respecting the admission of evidence are the same in civil as they are in criminal cases.

A mere abstract decision, in favor of the admission of evidence, although erroneous, is no ground for a new trial, unless evidence was actually given under it.

An exception does not lie to the refusal of a judge, at the circuit, to charge several matters in one continuous proposition, if any part of the entire series of points proposed is wrong.

Counsel have a right to submit their propositions to the judge separately, and to require him to pass upon them separately. But if counsel submit a proposition consisting of several points, the judge is not bound to select such parts as would be admissible if standing alone, and to pass upon them separately, unless requested to do so. He performs all the duty incumbent upon him when he decides upon the entire proposition as made.

This was an action of debt, brought by the plaintiff as overseer of the poor of the town of Springport, to recover penalties incurred by the defendant for violations of the excise laws. The 1st, 4th and 6th counts of the declaration were for violations of the 15th section of the title of the revised statutes rela-

Vallance v. King.

ting to excise, and the regulation of taverns and groceries; (1 *R. S.* 680;) the 2d, 5th and 7th counts were for violations of the 16th section of that title; and the 3d, 8th and 9th counts were for violations of the 5th section of the act relating to excise, and licensing retailers of intoxicating liquors, passed May 14, 1845. (*Laws of* 1845, *p.* 322.) The defendant pleaded *nil debet.* The cause was tried at the Cayuga circuit in March, 1847, before WHITING, Cir. Judge. The plaintiff offered to prove by the town clerk, and the records of the town, that at an election held in the town of Springport, in 1845, it was decided by the electors that no license should be granted for the sale of liquors in that town. This testimony was objected to by the defendant as inadmissible under the pleadings; the declaration not alleging that such an election had been held. But the circuit judge admitted the evidence. The defendant's counsel objected to any evidence being given under the 3d, 8th and 9th counts of the declaration; for the reason that in those counts no reference was made to the revised statutes, or to any statute giving a penalty, except the 5th section of the act of 1845. The judge sustained the objection, and the plaintiff excepted. The defendant objected to the plaintiff's proving more than one offence under any one count; but the court overruled the objection. The plaintiff proved the sale of liquor by the defendant on two occasions; and rested. The defendant then moved for a nonsuit, which motion was denied. The defendant then requested the court to charge the jury that there was no proof that would apply to any count in the declaration, except those framed for a violation of the 16th section of the title of the revised statutes relating to excise, &c. and that but one penalty could be recovered under each count, upon that section. And that there was no evidence to show that the defendant ever sold any liquor, or that any was sold with his knowledge or consent, or by his directions. The judge refused so to charge the jury, but charged them, in substance, that if they believed the defendant had sold liquor, or had permitted others to sell it for his benefit, he was liable; and that if the jury found a sale under such circumstances, they should find a verdict of $25 for

each sale. The jury found a verdict of $50 for the plaintiff. The defendant, upon a case, now moved for a new trial.

*D. Wright,* for the plaintiff.

*Clark & Underwood,* for the defendant.

*By the Court,* GRIDLEY, J. There are two counts (the 2d and 5th,) in the declaration in this cause, founded on a violation of the 16th section of the old excise act; (1 *R. S.* 680;) and under these counts the plaintiff is entitled to retain his verdict for two penalties, if no error was committed by the court or jury, upon the trial of the cause, which requires us to grant a new trial. It is argued, by the defendant's counsel, that in a case when the electors of a town had voted "*no license,*" the provisions of the revised statutes were repealed except so far as to fix the amount of the penalty to be recovered under the act of 1845. We held otherwise, however, at the last Oswego term, upon the authority of an adjudication of the late supreme court. The same point is also substantially decided in the case of *Hodgman* v. *The People,* decided in January, 1847, but not yet reported. This leads us to inquire whether there was any error committed by the judge, upon the trial, which requires us to set the verdict aside.

(1.) The admission of the town records is alleged to have been erroneous; and if the 3d, 8th and 9th counts of the declaration had been stricken out at that stage of the trial, or if the objection had been placed on the ground that the evidence was inadmissible under the other counts in the declaration, the objection would have been good, and the evidence ought to have been excluded. The objection, however, we think was placed upon untenable grounds. The second section of the act of 1845, provides for entering the result of the election upon the records of the town, and the book was competent evidence. (*See* 1 *R. S.* 343, §§ 12, 16.) And it was unnecessary that the special allegation contemplated by the objection, should have been inserted in the declaration. But if the judge committed an

error in this respect, it *became immaterial* in the progress of the cause—the recovery having · been under the provisions of the *revised statutes,* and no offer being made to prove a license. This being an application to set‾aside the verdict upon a *case,* a new trial should not be granted when the court can see that the error of the judge could not have injured the defendant. (3 *Hill,* 214. 2 *Id.* 205. 1 *Denio,* 524.)

(2.) It is insisted that the judge decided erroneously in holding that more than one offence could be proved under one count. The case of *Hodgman* v. *The People,* before cited, and 17 *Wend.* 475, are authorities to show that, upon an indictment, this would have been a fatal error. Nor is the general proposition to be denied that the rules relating to the admission of evidence are the same in civil as they are in criminal cases. But it has been established that under the provisions of the revised statutes, several penalties may be recovered upon the *same declaration.* (3 *Hill,* 527.) And in 6 *Hill,* 518, it was decided that the same words in an action of slander might be proved to have been uttered at different times and places, though laid in a single count only. (*See also The People* v. *McFadden,* 13 *Wend.* 396.) But we do not deem it necessary to decide this point; for a mere abstract decision in favor of the admission of evidence, unless evidence was actually given under it, is no ground for a new trial. It does not appear that a greater number of independent offences were given in evidence under this decision than there were counts to which they were applicable. The jury found that there were only two offences proved, and we have already seen that there were two sufficient counts under which the plaintiff was entitled to recover. The defendant, therefore, could not have been injured by this decision, and the authorities already cited forbid us to grant a new trial for such an error.

(3.) We think the judge was right in refusing to nonsuit the plaintiff. There was evidence enough to justify him in submitting it to the jury.

(4.) The judge was requested to charge *several matters in one continuous proposition,* which he refused to do, and there

Vallance *v.* King.

was an exception for such refusal to charge, that is, for his refusal to charge the *whole matter thus proposed,* and not for refusing to charge any one part of the proposition pointed out as objectionable. Now the judge was right in his refusal, if any part of the entire series of points proposed was wrong. The judge decides upon the *entire proposition* put forth by the counsel; and is not bound to select such parts of the whole proposition as would be admissible, if standing alone, and to pass upon them separately, unless requested so to do. He performs all the *duty* required of him when he decides upon the entire proposition as the counsel chooses to present it. The counsel has a right to submit his propositions separately, and to require the judge to pass upon them separately; but he has not done so here, and as we think, for that reason, can take nothing by his general exception. (*See the cases collected in* 2 *Cowen & Hill's Notes, p.* 270.) The judge was right, we believe, in refusing to charge that there was no evidence of any sale by or with the defendant's knowledge.

(5.) The charge itself, so far as it went, was unobjectionable. It was substantially a charge that the plaintiff must recover, if at all, under the 16th section of the act relating to excise, in the revised statutes. And the jury found but two such sales— a number that does not exceed the number of counts for a violation of that section. The objection that the judge charged the jury that they might find a verdict upon their "*belief*" merely, is hypercritical. The judge must be taken to have meant a "belief" founded on the evidence; and so the jury must have understood him.

(6.) We have already anticipated the only remaining question that can be raised here; and that is upon the sufficiency of the evidence to uphold the verdict. We have carefully examined the testimony in the case, and have no doubt that enough was extracted from the witnesses, reluctant as they manifestly were, to warrant the jury in finding all the facts necessary to support the verdict.

Upon the whole, therefore, though the judge may have committed some errors upon the trial, we do not think those errors

were important, or that the defendant could have been prejudiced by them.   And as the motion is made upon a *case*, instead of a bill of exceptions, the verdict must stand, and the motion be denied.

