## LONGWORTHY *a.* KNAPP.

*Supreme Court, First District; Special Term, January,* 1857.

### PLEADING.—SEPARATE CAUSES OF ACTION.

In an action to recover many items of demand claimed by one and the same right, the items may be, for the sake of brevity and convenience, thrown into one count.

In such case, defendant may plead one defence to some of the items, and another defence to others.

Motion to set aside an amended complaint.

This action was in the nature of a *qui tam* action, and was brought by Ira Longworthy against Gideon Lee Knapp, to recover a statute penalty under section 49 of the act of 1813, relative to the city of New-York (*Laws of* 1813, 359). That section requires the keepers of ferries between New-York city and Long Island to keep a printed copy of rates of ferriage prescribed by the act, with the fines and penalties relating to ferries, posted

conspicuously in the ferry-houses ; under penalty of three dollars for every day's neglect, to be recovered at suit of any person. The complaint as amended alleged, as the first cause of action, that the defendant had conducted a ferry from New-York to Long Island for three years, from November 19, 1853, until November 19, 1856, one thousand and ninety-five days in all, without compliance with the requirement. There was another cause of action set forth arising upon a similar neglect in the conduct of another ferry by defendant.

The defendant now moved to set aside the complaint upon the ground that *each day's* neglect to comply with the provisions of the act formed a separate and distinct cause of action ; and that these causes should have been separately stated, and numbered.

*G. Spring,* for the motion. I. In pleading under the Code, each separate cause of action must. be set forth in a distinct and separate count (*Code,* §§ 141, 150, 151, 167 ; Handy *v.* Chatfield, 23 *Wend.,* 35 ; Durkee *a.* Saratoga & Washington Railroad, 4 *How. Pr. R.,* 226 ; Pike *a.* Wormer, 5 *Ib.,* 171 ; Benedict *a.* Seymour, 6 *Ib.,* 298 ; Lippincott *a.* Godwin, 8 *Ib.,* 242 ; Robinson *a.* Judd, 9 *Ib.,* 378).

II. In the present case, each day's transgression of the act as alleged constituted an offence in and of itself, and as soon as committed constituted a distinct cause of action. Each such cause of action may require its own separate defence. To some the defendant may wish to plead that he was not the owner of the ferry at the time of their occurrence ; to others, that he did keep up the lists required by the statute ; to others, the statute of limitations, &c. As the complaint now stands, he cannot do so.

*Titus B. Eldridge,* opposed. I. Even if the defendant's objection to the complaint were sound, he has mistaken his remedy. Where causes of action are not separately stated, the proper mode of seeking relief is by motion to make the complaint more definite and certain (Wood *a.* Anthony, 9 *How. Pr. R.,* 78).

II. The objection is, however, unfounded. The cause of action is, the running of the ferries against the provisions of the statute ; and the time is only the measure by which the amount

of the penalty is to be ascertained. The case is analogous to a suit upon an account of many items, or the like ; where the subject-matter cannot properly be severed or divided into several actions, after a right to sue has once accrued upon all.

CLERKE, J.—Each day's neglect to keep a list of the rates or prices of carrying in a conspicuous place in the ferry-house would, no doubt, strictly speaking, constitute in itself a complete cause of action ; but, this does not hold when an action is instituted for violating the act in this respect, by neglect for a successive series of days. It has been always, and now more than ever is allowed, that several causes of action do not always form the subject of several separate counts, but are sometimes thrown, for the sake of brevity and convenience, into one (*Stephens'* *Pleadings*, 268) ; and, pursuant to a form promulgated in England by rule of court (*Hil. T.*, 2 Will., 4), claims even *for goods sold*, *for work done*, *for money lent*, *for money paid*, &c., are always condensed, when they are stated in the same action, into a single count. The reason for permitting this is incomparably stronger when the action is for a liability of the same nature, incurred every day for a period of three years.

This can produce no injustice, or even inconvenience, to the defendant ; for, he may not only plead several pleas to several counts, but it is always permitted, under the modern modifications of the rules of pleading, that he may plead several pleas to distinct parts of the same count (*Stephens'* *Pleadings*, 269). So that, if the defendant has a right to set up the statute of limitations to a portion of these liabilities, he could not, even under our recent system, be prevented from pleading this defence as to such, and any other defence or defences as to the rest, or any portion of the rest.