Larremore, J.
The plaintiff alleges that at divers places, within the city, county, and State of New York, and at divers times, within one year prior to the commencement of this action, he purchased from the defendants, and the defendants sold and delivered to him, certain shares, interests, tickets, certificates of shares and interests, and parts of tickets, &c., in certain lotteries for money, pretended to be drawn at Paducah, Kentucky, and other places. That said plaintiff paid therefor to said defendants, and they received from him, within one year prior to the commencement of this action, divers large sums of money, amounting in. all to eleven thousand four hundred and twenty dollars- and forty-four cents. That all of said lotteries are, and were at the time last aforesaid, to wit, within one year prior to the commencement of this action, and for many years previous thereto, illegal and contrary to the laws of this State. That, by reason of the premises, and by force of the statute in such cases made and provided, an action has accrued to the plaintiff to" demand and have of and from the defendants the sum. of twenty-two thousand eight hundred and forty dollars and eighty-eight cents, for which amount plaintiff demands judgment, with double costs of this action.
This action is brought in pursuance of the statute in reference to “ Raffling and Lotteries” (2 Rev. Stat., 5 ed., 930, § 39), which gives the right to sue for and recover double the sum of money paid or delivered for the purposes aforesaid.
The first branch of the motion seeks to. strike out,, as *258 irrelevant, the allegations which refer to the illegality of the lotteries prior to the alleged purchase of tickets.' and at the present time, viz : the words “ are and,” on the first line, second.paragraph, of the complaint, and the words, “for many years previous thereto,” in the same paragraph. It is contended that the averment of the illegality at the time of the purchase is sufficient for the purposes of the action, and that the defendants are aggrieved by the matters sought to be expunged.
The true test is whether the averments complained of tend to establish, or assist in establishing a cause of action (Ingersoll v. Ingersoll, 1 Code R., 102 ; Averill v. Taylor, 5 How. Pr., 476 ; Minor v. Terry, 6 Id., 208), or whether, in any aspect of the case, they can be material (Cahill v. Palmer, 17 Abb. Pr. N. S., 196).
The defendants, in an affidavit read on the motion, deny the whole complaint, and it may become important, in establishing the illegality of the lotteries at the time of the alleged sale, to show that, previous and subsequent thereto, the defendants had been engaged in an unlawful business, of which the acts complained of constituted a part. The authorities referred to are not in conflict with this view. They only reiterate the well-established proposition, that facts, and not the evidence of facts, are to be averred in a pleading.
The second branch of the motion is to make the complaint more definite and certain, by setting forth the particular dates and purchases of said lotteries.
Ño objection is taken to the form of the action. It seeks the recovery of a sum of money, in the nature of a penalty. It does not clearly appear whether the complaint therein is framed under the Code of Procedure or in pursuance of section 8 of the article in relation to actions for penalties and forfeitures (3 Rev. Stat., 5 ed., p. 784). In the latter case, it is sufficient to allege that the defendant is indebted in. the sum named, whereby an action has accrued according to *259 the provisions of such statute. To such a declaration the defendant may plead the general issue, and may give in evidence, under, such plea, any special matter which, if pleaded, would be a bar to such action, or discharge the defendant therefrom, in the same manner and with the like effect as if the same had been specially pleaded (3 Rev. Stat., 5 ed., 784).
The statute under which the action is brought clearly authorizes a separate and distinct suit for each sum of money paid or delivered in consideration of each purchase of tickets, and the inquiry suggested is, whether a general averment of payment and delivery of the sum total, without specifying the time and amount of each purchase, is good pleading within the statute.
Whether the declaration is drawn in pursuance of the Revised Statutes, as its phraseology would lead us to suppose, or under the Code, cannot, I think, affect the question at issue upon this motion.* The particularity of pleading, which is hereby sought to be enforced, will be found, on examination, to be in conformity with the authorities in actions for either debt or penalty.
In Carmach v. Grundry (3 Barn. & Ald., 272), where a declaration on a penal statute contained four hundred and eighty counts for different penalties, the court would not order them to be expunged unless the defendant consented that the matter of the counts struck out be given in evidence under the counts retained.
Adams v. Holley (12 How. Pr., 326), was, as stated therein, an equitable suit for an accounting in relation to the payment and receiving of moneys in reference to *260 one transaction, viz : the purchase and sale of a farm, and was, in fact, but one cause of action.
Moran v. Morrissey (18 Abb. Pr., 131), and Arrietta v. Same (1 Abb. Pr. N. S., 439), which were actions to-recover money lost at play, hold the complaint should be special.
In Hall v. McKechnie (22 Barb., 244), an action fol a penalty for violation of excise law, it was held that the penalty for each offense was- single.
In Allen v. Patterson (7 N. Y. [3 Seld.], 476), the goods, as shown by the complaint, were all sold at one time, May 1,' 1849, to the amount of three hundred and seventy-one dollars and one cent, the items of which exceeded twenty in number, and said complaint was held good on demurrer.
Deyo v. Rood (3 Hill, 527), was a suit in a justice’s court for three penalties, and it was held, on appeal, by the supreme court, that several distinct penalties might be recovered in one suit, but it does not appear how the averment was laid.
In Gaffney v. Colvill (6 Hill, 567), the complaint, among other counts, averred that' defendant, on (a day certain) February 4, 1839, and at sundry other times between said day and commencement of suit, wrongfully discounted two hundred note,s, &c. Held, not bad for omitting to describe the several notes. That plaintiff was a stranger to the transaction of which he complained, and it must be assumed that he was not acquainted with the minute circumstances of each particular case. The facts lie more properly in the knowledge of the defendant, &c. The suit was not upon the notes, but was brought by a stockholder of a bank against a director thereof, for a violation of the first section of the statute to prevent the insolvency of moneyed corporations, and the discounting of the notes referred to was a circumstance tending to show bad faith, and going to establish the cause of action.
*261 People v. McFadden (13 Wend., 396), was an action on a statute for penalty in cutting and carrying away trees, where it was held competent to allege, in one count of the declaration, that defendant was indebted in a sum equal to twenty penalties, and to recover any amount that could be proved, though less than twenty. In that case it was also held (per Nelson, J.) that, if the penalty had by the statute been directed to be recovered by an action of debt, it would have been competent to have embraced in one count the cutting and carrying away of any number of trees, and to have recovered the amount of the penalties. That many trees might be cut and carried away by one act of trespass ; but that in such a case the plaintiff would be obliged to set forth, specifically and accurately, the facts bringing the defendant within the statute declared on.
In Longworthy v. Knapp (4 Abb. Pr., 115), the complaint alleged that defendant conducted a ferry from November 19, 1853, to November 19, 1856, to wit, one thousand and ninety-five days, and claimed a penalty for each day for neglect to keep printed copy of rates of ferriage posted, as required by statute. . Held, that although each day’s neglect constituted in itself a complete cause of action, yet this did not hold when the action was for violations for successive series of days. A contrary opinion was held in Ogdensburgh Bank v. Paige (2 Code R., 75), when separate demurrers were sustained to a general count, alleging indebtedness of a bank to the plaintiff therein, insolvency of said bank, and that the defendants, who were directors thereof, had done several distinct acts in violation of the statute, whereby they became individually liable.
I do not think the principle established by these cases is at variance with the relief sought by defendants on this motion.
Any number of items may be included in one count, when they are part of one transaction, and set forth *262 with reasonable certainty. This is settled by the case of Allen v. Patterson (supra), wherein it appears the goods were all sold on the same day. Several penalties may also be recovered in one suit and embraced in one count, if distinctly averred therein. This view is fully sustained by the case of People v. McFadden, above referred to.
The statute authorizing a general averment in actions of this nature was not intended, and should not be construed to dispense with that particularity of pleading as to time, place or circumstance,-which is necessary to inform the party against whom recovery is sought of the nature and extent of his liability. The simple and convenient mode of pleading prescribed by the statute was not intended to operate to the prejudice of a defendant in a case like this. If but one purchase of lottery tickets had been made by the plaintiff, the defendants could scarcely be misled as to the issue they were to meet at the trial. But’ the allegation in the complaint, that, at divers times and places, within one year prior to the commencement of the action, the defendants sold and delivered to plaintiff certain shares, interests, tickets, &c., in certain so-called lotteries, and for which plaintiff paid, and defendants received, divers large sums of money, without stating the date and amount of each purchase, is not in conformity with the spirit and intention of the statute. Such a statement is not the special matter, which the statute declares it is unnecessary to set forth in the declaration. It comprises the preliminary data upon which the general allegation of indebtedness in such a declaration rests.
I think the first branch of the motion should be denied, and the second branch thereof should be granted.
hfo costs to either party.

 In Abbott v. N. Y. Central R. R. Co. (12 Abb. Pr. N. S., 465), there is a dictum to the effect that the provisions of the Revised Statutes (2 Rev. Stat., 480, § 1) in relation to pleading in actions for penalties has been repealed by the Code, which requires the facts constituting every cause of action to be alleged.