mortgage, as, by the terms of the old mortgage, before there could be a foreclosure, the holders of a majority of the bonds must request the trustee to foreclose. At first I was much impressed with this objection, and it did seem as though a majority of the bondholders had met together, and agreed that they would not foreclose the mortgage secured by their bonds, and thus prevent plaintiff from ever obtaining the application of the mortgaged premises to the payment of his bonds; and it was, in substance, such an agreement as that that the court was asked to enjoin. But still assuming such to be the effect of this new arrangement, is any legal right of the plaintiff affected? He bought his bonds secured by the mortgage, which contained a provision subjecting him to the will of a majority, and providing that the mortgage should not be foreclosed until a majority requested its foreclosure. What legal right, then, has he to come in and say that the majority shall not agree that they will not request a foreclosure of the mortgage? It may well be that a court of equity would say that it would not enforce such an agreement, or that, if plaintiff applies to the court to enforce this mortgage, alleging that the lack of a request by the majority was in consequence of this agreement or the ownership of the bonds by the trustee under this second mortgage, the court would give the plaintiff relief. But here we have a simple proposition that a majority of the bondholders do not want the mortgage foreclosed, and agree, for a certain consideration, that they will place the bonds in such a position that it will not be foreclosed; and I cannot see that that action of the majority violates any legal right of the minority, or justifies a court of equity in enjoining the majority from acquiring what they consider to be an advantage by the execution of the agreement. To grant this injunction would be, in substance, to allow the wishes of the holder of $40,000 of these bonds to control the holders of the rest of the $38,000,000, and that in a case where the courts have ample power, in a proper proceeding, at any time, to protect the plaintiff, and enforce every right of his, notwithstanding any agreement that may be made between the holders of a majority of the bonds, the mortgagor, and the mortgagee; and I can see no legal right of the plaintiff that has been, or is to be, infringed or impaired, and I do not think that the plaintiff is entitled to any injunction.

Having given to the questions presented all the consideration that I have been able to, I am entirely satisfied that no cause of action is alleged, and that the plaintiff is not entitled to any relief. The motion for an injunction is therefore denied, with costs. Motion denied, with costs.

---

(9 Misc. Rep. 307.)

### HATCH v. MATHEWS et al.

(Supreme Court, Special Term, Erie County.   July 11, 1894.)

1. PLEADING—STATING SEPARATE DEFENSES.
    Code Civ. Proc. § 507, requiring different defenses in the same answer to be separately stated and numbered, applies only to cases where the court can see from the pleading that more than one defense is alleged.

**2. SAME—MOTION TO MAKE MORE DEFINITE.**
    In an action for libel, in charging plaintiff with corrupt conduct as judge in the trial of a cause, where the answer alleges that plaintiff, at the time of such trial, was prejudiced, which prejudice influenced his judgment, defendant cannot be required to specify how such prejudice was manifested, as to do so would disclose his evidence.

**3. SAME.**
    Where defendant pleads in mitigation that he had sufficient reasons for believing that certain statements emanated from plaintiff, he may be required to specify such reasons.

Action by Edward W. Hatch against George E. Mathews and Charles E. Austin for libel. Plaintiff moved that defendants be required to serve an amended answer, wherein they shall separately state and number certain defenses, viz. a defense of justification and one in mitigation of damages, alleged in one answer to a complaint charging a libelous publication upon the plaintiff by the defendants in their newspaper, the Buffalo Express, and also that the answer be made more definite and certain in certain particulars.

Simon Fleischmann, for plaintiff.
Charles B. Wheeler, for defendants.

WARD, J. The substance of the libel charged in the complaint is that an action that had been tried in the superior court of Buffalo before the plaintiff, as judge of that court, and a jury, wherein one Smith was plaintiff and the defendants herein were defendants, which was also an action of libel, the plaintiff had been actuated by malice and by improper motives in his judicial action in that case, that is to say, the charge might bear that construction. The defendants, in their answer in this action, go considerably into details of certain transactions between the plaintiff and his brother Charles S. Hatch, and in regard to organizing another Republican newspaper in the city of Buffalo, and somewhat into political affairs in that city, and charge the plaintiff with being prejudiced against them, but expressly disclaim any intention to charge the plaintiff "with being guilty of corrupt conduct, as a judge of said superior court of Buffalo, against said defendants, upon the trial, and proceedings connected therewith, of said action, in which Juliette C. Smith was plaintiff and these defendants were defendants" (the action above referred to); and they also allege that they did not intend to charge any intentional or willful misconduct on the part of said plaintiff on the trial of said action, or the proceedings connected therewith.

Assuming that the charge contained in the complaint is, as stated, that the plaintiff was actuated by malice and improper motives upon the trial of an action in the superior court, the answer, as served herein, does not contain a justification thereof, but all the matters alleged, taking the whole answer together (as we must), amount, if they amount to anything, to a partial defense, or in mitigation of damages, notwithstanding the statement in the answer itself that the matters therein alleged were both by way of justification and mitigation. Indeed, the learned counsel for the defendants conceded that upon the hearing of this motion, and moved that the word "justification" be stricken from the answer. Assuming, then, that there is

no matter in justification alleged in this answer, but only matters in mitigation, then that portion of the motion which asks that the defenses be separately stated and numbered must fail, because there is but one defense alleged, viz. in mitigation, or a partial defense. The provision of Code, §§ 483, 507, requiring that when two or more causes of action are stated in a complaint, or where more than one defense is alleged in an answer, they must be separately stated and numbered, applies only to cases where the court can see, from the pleading itself, that there is more than one cause of action or defense alleged, so that a separation should be made.　　Trenndlich v. Hall, 7 N. Y. Civ. Proc. R. 62.

The plaintiff's motion further asks that the defendants' answer be made more definite and certain in regard to the following allegation:

"These defendants allege, however, upon their information and belief, that the said plaintiff, at the time of the trial of the said action, was, and still is, personally prejudiced and biased against these defendants and the said newspaper published by them, and that that prejudice and bias influenced the mind and judgment of said plaintiff in the discharge of his judicial duties, and that it did bias and prejudice said plaintiff in the trial of said action of Smith v. Mathews, and the proceedings connected therewith."

There is nothing indefinite or uncertain in this clause of the answer; the allegation being simply that the plaintiff was prejudiced and biased against the defendants, and that bias influenced his mind in the action tried before him in the superior court.　　The moving papers ask that the answer specify by what manifestation of speech or act such prejudice was shown by the plaintiff in the discharge of his judicial functions in the action mentioned.　　That would require the defendants to give the evidence upon which they base their charge of prejudice or bias, which cannot be done.

The moving papers further ask that the following allegation in the answer be made more definite and certain:　　"And said defendants further allege, upon their information and belief, that the said defendant Mathews and the said defendant Austin had good and sufficient reasons for believing that the statements so as aforesaid made by the said Charles S. Hatch were the result of an outcome of statements made by this plaintiff to the said Charles S. Hatch, and were the result of unfriendly and hostile feelings on the part of said plaintiff and the said Charles S. Hatch towards these defendants,"—by stating specifically the good and sufficient reasons which the defendants claim to have had for believing, etc., as above stated.　　This part of the motion should be granted.　　As the defendants choose to say that they have sufficient reasons for their conduct, and plead those reasons in mitigation of damages, they become facts upon which the defendants rely in making out their defense in mitigation, and they should therefore be stated, like any other fact pleaded in mitigation.

The word "justification" will be stricken from the second answer herein, and an order entered in accordance with the views expressed herein; and, as neither party has fully prevailed upon this motion, motion costs are not allowed to either party.