(85 App. Div. 141.)

PEOPLE v. BUELL.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. PLEADINGS—INDEFINITENESS—REMEDY.
　　If the allegations of a complaint are indefinite and uncertain, defendant's remedy is by motion to require it to be made definite and certain, Code Civ. Proc. § 546, providing that the court may require an indefinite and uncertain pleading to be made definite and certain by amendment.

2. SALE OF IMPURE MILK—SALE OF SEVERAL CANS ONE CAUSE OF ACTION.
　　Agricultural Law, §§ 22, 23 (Laws 1893, p. 661, c. 338), prohibit the sale of impure and adulterated milk. Section 37, p. 666, provides penalties for each violation, and declares the sale of each one of several

¶ 1. See Pleading, vol. 39, Cent. Dig. § 1174.

packages to constitute a separate offense. *Held*, that a sale of several cans of impure and adulterated milk at one time and place, and to one person, as a single transaction, should be alleged as merely one cause of action.

**3. SAME—COMPLAINT—INTERPRETATION.**
The complaint in an action for a violation of the agricultural law alleged that defendant, "on or about the 15th day of October, 1901, at Miller's Station, in the county of Delaware, N. Y., did expose for sale, offer for sale, and sell, a quantity of impure and adulterated milk, to wit, five cans of milk." *Held*, that it alleged but one sale of one quantity of milk, consisting of five packages.

Smith, J., dissenting.

Appeal from Special Term, Delaware County.

Action by the people of the state of New York against Edward R. Buell. Motion to require plaintiff to state and number separately the causes of action alleged in the complaint denied, and defendant appeals. Affirmed.

The appeal was from so much of an order as directs "that the motion for an order requiring the plaintiff to separately state and number the causes of action in the complaint alleged be, and the same hereby is, denied, with $10 costs against the defendant and in favor of the plaintiff."

This action was commenced against the defendant to recover penalties for an alleged violation of the agricultural law. The third paragraph of the complaint is as follows:

"Upon information and belief, that the defendant, on or about the 15th day of October, 1901, at Miller's Station, in the county of Delaware, N. Y., did expose for sale, offer for sale, and sell, a quantity of impure and adulterated milk, to wit, five cans of milk, in violation of sections 20, 22, and 23 of chapter 338 of the Laws of 1893, and the amendments thereto."

The complaint demands judgment against the defendant for $500. This motion was made by the defendant to require the plaintiff to file an amended complaint, wherein should be separately stated and numbered the causes of action set forth in the complaint. The motion was denied.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

E. H. Hanford, for appellant.
Andrew G. Washbon, for respondent.

CHASE, J. Section 20 of the agricultural law (Laws 1893, p. 660, c. 338) defines certain words used in article 2 of said law. That part of sections 22 and 23 of said agricultural law material in the determination of the question here presented is as follows:

"Sec. 22. No person shall sell or exchange, or offer or expose for sale or exchange, any unclean, impure, unhealthy, adulterated or unwholesome milk. \* \* \*

"Sec. 23. No person shall sell, supply, or bring to be manufactured to any butter or cheese factory, any milk diluted with water, or any unclean, impure, unhealthy, adulterated or unwholesome milk, or milk from which any of the cream has been taken except pure skim milk to skim cheese factories. \* \* \*"

It is provided by section 37, p. 666, of said agricultural law, as follows:

"Every person violating any of the provisions of the agricultural law shall forfeit to the people of the state of New York the sum of not less than fifty dollars nor more than one hundred dollars for the first violation, and not less than one hundred dollars or more than two hundred dollars for the second

and each subsequent violation.  *  *  *  When the violation consists of the sale or the offering or exposing for sale or exchange of any prohibited article or substance, the sale of each one of several packages shall constitute a separate violation.  *  *  *"

It should not be held that a complaint unites two or more causes of action, without separately stating and numbering the same, when it is necessary to go into an elaborate argument for the purpose of showing that it is possible to prove more than one cause of action under the complaint as stated.  Pope v. Kelly, 30 App. Div. 253, 51 N. Y. Supp. 557; Hatch v. Matthews, 9 Misc. Rep. 307, 30 N. Y. Supp. 309.

If the allegations of the complaint are indefinite and uncertain, the defendant's remedy was by motion to require the same to be made definite and certain by amendment.  Section 546, Code Civ. Proc.

A sale of several cans of impure and adulterated milk at one time and place, and to one person, as a single transaction, should be alleged in the complaint as one cause of action.  The fact that the statute provides that the sale of each one of several packages shall constitute a separate violation does not require a separate action or statement of cause of action for each particular can of milk sold. The evident intention of the statute in declaring that the sale of each one of several packages shall constitute a separate violation was to remove any question as to whether more than one penalty could be recovered for a single sale consisting of two or more packages. It is declaratory of the manner of computing the amount of the recovery.  If it is necessary to allege the facts showing that the plaintiff is entitled to recover the penalty, in separate causes of action, for each package contained in a single sale, it would in many instances make a complaint of very great length, and make ridiculous the rules of pleading.  Where several penalties are incurred by trespassing (People v. McFadden, 13 Wend. 396), or by failure to do some act required by statute, and such failure has continued for a sufficient length of time to incur many penalties (Longworthy v. Knapp, 4 Abb. Prac. 115), it is not necessary, in a suit therefor, to separate the statement thereof into innumerable causes of action. As said in People v. McFadden, supra, "To require a count for each penalty would defeat the great object of the Legislature of reducing the pleadings to the simplest form;" and, in substance, in People v. Tweed, 63 N. Y. 194, that the Code was designed to simplify pleadings, and that to require a separate statement of matters constituting an entire transaction would lead to great and tedious prolixity.

The reason for the decision in Wray v. Pa. R. Co., 19 N. Y. St. Rep. 53, 4 N. Y. Supp. 354, was therein stated to be:

"It is very doubtful whether, under the decisions in Fisher v. The N. Y. C. R. Co., 46 N. Y. 644, Foote v. Same, 50 N. Y. 693, and Barker v. Same, 61 N. Y. 655, the plaintiff would be entitled to recover more than one penalty for the alleged violations of the act, all committed prior to the commencement of this action.  If so, the defendant has a right to have the several alleged causes of action definitely set forth, so that it may demur thereto, or move for such other relief in respect to the same as the law entitles it to."

No such reason exists in this case.  The plaintiff claims that the violation consisted of a single sale, and insists that the complaint

should be so construed. The complaint is loosely drawn, but from it we conclude that the plaintiff intended to allege but one exposure for sale, offering for sale, and sale of one quantity of milk, consisting of five packages. Whether such sale, if established, would entitle the plaintiff to one or several penalties, will depend upon the proof.

The order should be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements.

PARKER, P. J., and CHESTER and HOUGHTON, JJ., concur on the ground that there is but a single cause of action alleged in the complaint, for a single violation of the statute, under which only one penalty can be recovered. SMITH, J., dissents.