THE STATE, Appellant, v. HARRY KELLMANN.—123 S. W. (2d) 70.

Division Two, December 20, 1938.

*Roy McKittrick,* Attorney General, and *W. J. Burke,* Assistant Attorney General, for appellant.

*Orla M. Hill* for respondent.

WESTHUES, C.—Respondent, Harry Kellmann, was charged by an information filed in a justice court in St. Louis County, Missouri, with a violation of Section 12450, Revised 1929 (Mo. Stat. Ann., p. 415). Respondent was convicted in the justice court, and a fine of $1170 was assessed against him. On appeal to the circuit court a motion to quash the information was sustained, whereupon the State appealed. The information read as follows:

" 'John H. McNatt, 1st Assistant Prosecuting Attorney, within and for the County of St. Louis, in the State of Missouri, acting herein under his oath of office and upon the affidavit of A. J. Willman, herewith filed, informs Geo. W. Booth, a Justice of the Peace within and for Bonhomme Township in the County aforesaid, that on the 29th day of November, in the year nineteen hundred and thirty-five, at said Bonhomme Township, in said County of St. Louis, and State of Missouri, One Harry Kellmann and Frank Wehrle, did then and there unlawfully fill receptacles with milk, buttermilk, cream and ice cream when the said receptacles bore the names, marks and devices permanently affixed thereto of persons other than defendants to-wit: Lange Milk Company, 13 bottles; Pevely Dairy Co., 110 bottles; Beatrice Creamery Co., 25 bottles; Quality Dairy Co., 20 bottles; St. Louis Dairy Co., 94 bottles; Highland Dairy Farms Co., 6 bottles; St. Louis Dairy Co., 24 bottles; Golden Rod Dairy Co., 3 bottles; Jos. Horack d/b/a/ Horack Dairy, 1 bottle, who are and were engaged in the business of bottling and selling milk, buttermilk, cream and ice cream, and who had heretofore caused the said names, marks and devices to be recorded with the Secretary of the State of Missouri and who had received certificates in their names of such recording from said Secretary and when defendant was not named in said certificates and did not have the written consent of the persons owning such names, marks and devices and named in said certificate to so fill said receptacles, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State.

" 'JOHN H. McNATT,
" '1st Asst. Prosecuting Attorney.' "

Respondent in his motion alleged that Sections 12446 to 12453, inclusive, Revised Statutes 1929 (Mo. Stat. Ann., pp. 414, 415, 416), were unconstitutional. A number of reasons were assigned in the motion, but respondent briefed only one point on the constitutional-

ity of the act. It is contended that the above sections are unconstitutional because the title does not clearly express the subject matter covered by the act, as required by Section 28, Article IV, of the Missouri Constitution. This section, insofar as applicable here, reads:

"No bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

The sections referred to were enacted by our Legislature in the year 1917. [See Laws of 1917, pp. 129 to 131, inclusive.] The title to the act reads in part as follows:

"An act to provide regulations for the handling of milk," etc., . . . "making it unlawful for any person, other than the rightful owner, to use any can, bottle, or other vessel marked or branded as herein provided, . . . making it a misdemeanor for any person to violate any provision of this act, and providing penalty therefor."

It is evident that the title is sufficient to cover the provisions of Section 12450, supra, under which respondent was prosecuted. Respondent does not contend otherwise, but he does contend that the section should have been placed under Chapter 136, Revised Statutes 1929 (Mo. Stat. Ann., p. 8155), covering trademarks, names and emblems. It will be noted that the section is included in Article 5, Chapter 87. This article is headed: "Bureau Of Dairying, Dairy Products And Imitations." It will be noted that Sections 12446 to 12453, supra, were placed under this chapter in the Revision of 1919. [See Secs. 12017 to 12026, Art. IV, Chap. 109, R. S. 1919.] No change was made in the revision of statutes in 1929. We find appellant's point without merit. It seems to us that the sections referred to were not misplaced in the revised statutes. But aside from that, an act passed by the Legislature with a sufficient title does not become unconstitutional for want of a title merely because in the decennial revision it may have been included in a chapter not appropriate to the subject matter. It was expressly so held by this court in Hennig v. Staed, 40 S. W. 95, l. c. 97 (3), 138 Mo. 430. The court there said:

"The title to the act, as originally passed, unquestionably meets the requirements of Section 28 of Article 4 of the Constitution. The subject of the bill is very clearly expressed in its title. The Legislature is required to revise, digest, and promulgate all general laws, at stated intervals; but no limitation is placed upon it in respect of heads under which the various laws shall be grouped. That is a matter left to the discretion of the Legislature itself. [Const. Art. IV, Sec. 41.] There can therefore be no constitutional objection to placing this act in the revised law relating to execution."

That fully answers respondent's argument.

Respondent also contends that the information charged more than one offense in one count. In this respondent must be sustained. Appellant in this case, the State, takes the position that the information charged but one offense. It is argued that Section 12453, providing a penalty of from $5 to $25 for each violation, must be considered only as a mode of ascertaining the amount of the penalty. For example, defendant in this case is charged with unlawfully using two hundred and thirty-four bottles, and therefore the minimum penalty must be $1170, or five times two hundred and thirty-four. Section 12453 reads as follows:

"Any person offending against any provision of the seven preceding sections of this article shall be deemed guilty of a misdemeanor, and upon conviction thereof by a court of competent jurisdiction shall be punished by a fine of not less than five dollars nor more than twenty-five dollars, and each receptacle unlawfully dealt with as herein provided shall be deemed and held to constitute a separate offense. (R. S. 1919, sec. 12024.)"

The State may, under the above section, properly charge in one count that a defendant unlawfully dealt with any number of bottles belonging to another dealer which had been branded by a registry label. However, under such an information only one conviction can be had and a fine of not more than $25 assessed. If the prosecution so desires it may make the unlawful dealing with each bottle a separate offense, charge a defendant therewith in separate counts of an information, and assess a fine on each count which may be sustained by proof. The information in this case charged nine separate and distinct offenses in one count, because it alleged that the defendant unlawfully used bottles belonging to nine dealers, setting forth the number of bottles of each dealer which defendant had used.

Section 12453 declares that a violation of Section 12450 shall be a misdemeanor to be punished by a fine of not less than $5 or more than $25. The section also provides that the unlawful dealing with each receptacle shall be deemed a separate offense. The reading of the statute does not justify the assessment of a fine of $1170 for one offense. That, however, is the State's contention. We note in 31 Corpus Juris 776, the general rule is thus stated:

"While, subject to a few if any exceptions, distinct offenses cannot be set out in the same count of an indictment without rendering it bad for duplicity or repugnancy,"

Appellant has cited the case of People v. M'Fadden, 13 Wendell's Reports, 396, in support of its contention. In the brief we find the following statement concerning that case:

"There was a statute making it penal to cut and carry away trees from state lands. The same statute created a $25.00 penalty for

each tree cut. The state alleged in a single count that the defendant cut twenty trees.''

Had the statute under discussion provided, that for each bottle unlawfully dealt with a penalty of $5 should be assessed, then the two cases would have been similar, but our statute does not so provide. Appellant also cited the case of People v. Buell, 83 N. Y. Supp. 143, 85 App. Div. 141, as decisive of the question before us. The statute provided that:

''No person should sell· or exchange, or offer or expose for sale or exchange any unclean, impure, unhealthy, adulterated or unwholesome milk.''

The statute provided a penalty of not less than $50 nor more than $100 for each violation of the law. It also provided:

''When the violation consists of the sale or the offering or exposing for sale or exchange of any prohibited article or substance, the sale of each one of several packages shall constitute a separate violation. . . .''

The defendant, Buell, was charged with the sale of five cans of adulterated milk and the information demanded a penalty of $500. The defendant filed a motion demanding that the complaint separately state the causes of action. This motion was denied. The appellate division of the court (see 85 App. Div. 141), affirmed the action of the lower court. The opinion concluded as follows:

''The complaint is loosely drawn, but from it we conclude that plaintiff intended to allege but *one* exposure for sale, offering for sale, and sale of *one* quantity of milk consisting of five packages. Whether such sale, if established, would entitle the plaintiff to one or several penalties will depend upon the proof. The order should be affirmed.''

Note that three, or a majority of the court, concurred in the opinion with the following qualification:

''PARKER, P. J., CHESTER and HOUGHTON, JJ., concurred on the ground that there is but a single cause of action alleged in the complaint for a single violation of the statute under which only one penalty can be recovered.''

The other member of the court dissented from the opinion. The duplicity of the information in the case before us consists in that it charged the defendant with unlawfully using bottles of nine different dealers, thus charging nine separate offenses in one count.

The judgment quashing the information must be sustained. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.