STATE of Missouri, Respondent,

v.

Robert McCRADY, Appellant.

No. 52298.

Supreme Court of Missouri,
Division No. 1.

June 12, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied July 10, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Edward L. Downs, Special Asst. Atty. Gen., Cape Girardeau, for respondent.

Floyd McBride, St. Louis, for appellant.

HENLEY, Judge.

By amended information alleging three prior felony convictions defendant was charged with attempting to bribe a public official, a police officer of the City of St. Louis. Sections 558.080 and 558.010.[1] Defendant admitted, and the court found, that he had been convicted of three prior felonies, sentenced and subsequently placed on probation therefor. A jury found him guilty as charged. The court assessed his punishment and sentenced him to imprisonment for two years. Sections 556.280 and 558.-080. He was represented by counsel in the trial court, and is represented in this court by other counsel who has filed a brief in his behalf.

There is no contention that the evidence is not sufficient to sustain the conviction; hence, a brief summary will suffice. On the evening of January 14, 1966, police officers Alfred Miller and Allen Montgomery of the Metropolitan St. Louis Police Department, in a marked police car, observed defendant, driving an Oldsmobile, violate a traffic law of the City of St. Louis; they followed defendant for about two blocks, and stopped and arrested him for the moving traffic violation. Officer Miller wrote out a summons and handed it to defendant; as defendant took the summons he dropped five dollars in the officer's hand and said: "Here, Officer, tear up your copies of the tickets." Whereupon, the officer returned the money and arrested defendant for attempting to bribe a police officer.

The first point briefed by defendant is that the court was without jurisdiction to try this case, and that all proceedings, including the judgment, are void, because the case was tried on an amended information without leave having been granted the state to amend.

An information charging defendant with the offense of attempting to bribe a public official was filed January 21, 1966; the amended information charging the same offense and alleging three prior felony convictions was filed February 23, five days before trial date, February 28, 1966. The record does not show that leave was sought or granted to file the amended information.

Criminal Rule 24.02, V.A.M.R., provides that the court may permit an information to be amended at any time before verdict if no additional or different offense is charged and if substantial rights of defendant are not prejudiced. See also: § 545.300.

Defendant made no objection to the filing of the amended information at any time; he announced ready for trial without objection. The sole effect of the amendment was to allege the prior felony convictions. He had notice of the amendment for, before any evidence was offered, he admitted its allegations that he had been convicted, sentenced and placed on probation for three prior felonies. No additional or different offense was charged by the amended information, and no rights of defendant are shown to have been prejudiced. State v. Crow, Mo., 388 S.W.2d 817, 820 [3]; State v. Kelly, Mo., 365 S.W.2d 602, 606 [10]. Furthermore, it is presumed that the amended information was filed with leave. State v. Colbart, Mo., 411 S.W.2d 92, 95 [6].

Defendant's second point is that the court erred in failing to dismiss the amended information, because it was duplicitous in that it charged him with three separate crimes. The three "crimes" to which he has reference are: (1) violation of a traffic ordinance of the City of St. Louis, (2) attempting to bribe a public official, and (3) " * * * the crime of 'three prior convictions * * *.'" The cases he cites holding that an information

1. All statutory references are to RSMo 1959 and V.A.M.S.

must apprise the defendant of the nature and cause of the accusation against him in plain, clear, distinct language stating the essential elements of the charge,[2] and those cases holding that, subject to a few exceptions, separate, distinct offenses cannot be charged in the same count of an information without rendering it bad for duplicity,[3] are not in point, because the information does not charge him with three separate crimes. The information charges him in plain, clear language with one offense: that of attempting to bribe the police officer by attempting to induce the officer to destroy the record of a summons issued defendant and thereby release him from arrest and a command to appear in court to answer to the charge of violation of a city ordinance.

The allegation in the information that defendant on a prior date: " * * * was duly convicted * * * sentenced * * * and * * * granted probation * * * " in three felony cases does not constitute a charge of a separate, additional offense. State v. Stumph, Mo., 349 S.W.2d 954, 955 [5]; State v. Crow, supra. The allegation in the information that the defendant drove his automobile in an unlawful manner in the city for which he was arrested by a duly appointed police officer in the performance of his authorized duties does not constitute a charge of a separate, additional offense of violation of the city traffic ordinance, a misdemeanor. The allegation that he drove his automobile in an unlawful manner is descriptive merely of the charge for which he was under arrest when he sought unlawfully to induce

the officer to release him from that arrest by attempted bribery. The point is ruled against defendant.

His last point is that he was denied due process of law in that the court failed to " * * * declare a mistrial or grant * * * a new trial" for " * * * excessive and repetitious cross-examination * * * " of defendant concerning his prior felony convictions. No objection was made by defendant at any point that his cross-examination had become excessive or that any portion of the examination was repetitious on this subject; nor was a request made that a mistrial be declared, for any reason. This point is not assigned as error in his motion for new trial. For these reasons the point is not preserved for review. State v. Willis, Mo., 283 S.W.2d 534, 538 [7]; State v. Martin, Mo., 411 S.W.2d 241.

Defendant asks that we consider this point as "plain error" under Criminal Rule 27.20(c), V.A.M.R. The record does not support his assertion that he underwent excessive or repetitious cross-examination on the subject of his prior felony convictions. Manifest injustice or miscarriage of justice has not resulted from his examination; therefore, we decline to invoke the plain error rule.

Examination of the record as required by Criminal Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All concur.

2. State v. McCloud, Mo.App., 313 S.W. 2d 177; State v. Krebs, 336 Mo. 576, 80 S.W.2d 196.

3. State v. Mangiaracina, 344 Mo. 99, 125 S.W.2d 58; State v. Kellmann, 343 Mo. 762, 123 S.W.2d 70.