Hennig v. Staed.

HENNIG *et al.* v. STAED, *Ex-Sheriff, Appellant.*

### Division One, April 3, 1897.

1. **Constitution:** STATUTE: DEBTOR AND CREDITOR: PREFERRED CREDITORS. Section 4911, Revised Statutes 1889, providing that debts owing by an employer to employees for labor performed by them shall be preferred claims to an amount not exceeding one hundred dollars to each employee when the property of the employer has been seized by process of law, or has been put into the hands of a receiver or trustee, but which requires each employee desiring to enforce such claim to present a verified, itemized statement thereof to the court within ten days, or to the receiver or trustee within thirty days after the seizure or taking of the property, and requiring the employee, in case written exceptions to such claim are filed, under oath, by an interested party with the officer having the property in charge, to reduce such claim to judgment before it shall be a preferred debt, does not provide for taking property without giving interested parties an opportunity to be heard, and is not obnoxious to section 30, of article 2, of the Constitution.

2. ———: ———: NOTICE. The presentation of such claims, within the time limited, is a valid substitute for the common law method for service of notice on interested parties.

3. ———: ———: LAWS: TITLE: REVISED BILL. There is no limitation placed·upon the legislature in respect to the heads under which various laws shall be grouped in the Revised Statutes; and where a law which was passed under the title "An act for the protection of employees and laborers by making them preferred creditors" is, upon a revision of the statutes, placed under the head of "executions," having been passed as a revised bill, section 28, article 4, of the Constitution, providing that no bill shall contain more than one subject, which shall be clearly expressed in its title, has not been violated.

*Appeal from St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*Seneca N. Taylor* and *Charles Erd* for appellant.

(1) Section 4911 of the Revised Statutes of Missouri of 1889, upon which respondents predicate their

claims, is unconstitutional and void, in that it sanctions the taking of private property without due process of law.   Const. U. S., 14 Am., sec. 1; Bill of Rights, art. 2, sec. 30; *Clark v. Brown*, 25 Mo. 563; *Holland v. Depriest*, 56 Mo. App. 516; *Hicks v. Schofield*, 121 Mo. 381; *Russell v. Grant*, 122 Mo. 161.   (2) The section in question is an amendment to the execution law, and so far as its terms apply to seizures under writs of attachment, it is unconstitutional, in that it violates article 4, section 28, of the Constitution of Missouri, which provides that, "no bill * * * shall contain more than one subject, which shall be clearly expressed in its title."   *State v. Miller*, 45 Mo. 495.

*James R. Kinealy* and *L. A. McGinnis* for respondents.

This proceeding may be based on section 2538 as well as on section 4911, and the former is constitutional.   1 R. S. 1889, sec. 2538; *Luther v. Saylor*, 8 Mo. App. 424; *State v. Burgdoerfer*, 107 Mo. 1.   (2) Section 4911 is constitutional.   *State v. Hope*, 100 Mo. 347; *State v. Railroad*, 48 Mo. 468; *Gabriel v. Mullen*, 111 Mo. 119; *State ex rel. v. Barker*, 26 Mo. App. 487; *Parker v. Johnson*, 22 Mo. App. 516; *State ex rel. v. Miller*, 100 Mo. 439; *Holland v. De Priest*, 130 Mo. 89; Acts of Ill. of 1887, p. 308; *Mohle v. Tschirch*, 63 Cal. 381; *Purefoy v. Brown*, 2 Pa. Dist. R. 821.

MACFARLANE, J.—On the tenth day of November, 1894, the Continental National Bank commenced a suit by attachment against the A. Siegel Gas Fixture Company to recover judgment on notes exceeding $19,000. Under a writ of attachment in the cause the property of said company was levied upon and, under an order of the court, was sold for about $10,000.

Within ten days after the levy upon the property the respondents herein, John A. Hennig and eighteen other persons, each presented to the appellant, then sheriff of the city of St. Louis, who had charge of the property, a written statement, under oath, showing that they were laborers and employees of said company, and had performed work and labor for it within six months next preceding the seizure of the property, and showing the amount due after allowing all just credits and set-offs, the kind of work for which such claim was due, and when performed, and asked that their claim for wages be paid them out of the proceeds of said property. The sheriff declined to pay the claims, and the claimants thereupon filed in the court in which the attachment suit was pending a motion in the nature of an interplea, setting forth the facts and stating that no person interested had filed exceptions to their claims or had otherwise contested them. They asked an order of the court requiring the sheriff to pay the claims. An order was made on the sheriff to show cause on or before March 16, 1895.

The sheriff filed his return March 13, 1895. By his return he admitted the attachment, seizure and sale of the property, presentation of the statement as charged, and his refusal to pay. For cause he states that the attorneys of the attaching creditors objected to payment on the ground that section 4911, Revised Statutes 1889, under which payment is claimed, is unconstitutional and void; that the attaching creditor has filed exceptions, and claimants have not reduced their claims to judgment.

The case was heard on the motion and the return of the sheriff; the motion was sustained and the sheriff was ordered to pay the claims out of the proceeds of the sale of the property in his hands. A motion to set aside the order was filed by the sheriff. The grounds

of the motion are: (1) Because the plaintiff in the attachment suit protests and objects to payments being made; (2) because the statute under which the claims are made is unconstitutional; (3) because the attaching creditor acquired a first lien and its debt exceeds the amount of the funds in the hands of the sheriff; (4) because the proceedings under which the order was made are without warrant of law. The motion was overruled and the sheriff appealed.

The section of the statute under which these claims are made is as follows:

"Hereafter when the property of any company, corporation, firm, or persons shall be seized upon by any process of any court of this State, or when their business shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers or servants, which have accrued by reason of their labor or employment, to an amount not exceeding one hundred dollars to each employee, for work or labor performed within six months next preceding the seizure or transfer of such property, shall be considered and treated as preferred debts, and such laborers or employees shall be preferred creditors, and shall be first paid in full; and if there be not sufficient to pay them in full, then the same shall be paid to them *pro rata*, after paying costs. Any such laborer or servant desiring to enforce his or her claim for wages under this chapter shall present a statement under oath showing the amount due after allowing all just credits and set-offs, the kind of work for which such wages are due, and when performed, to the officer, person, or court charged with such property, within ten days after the seizure thereof on any execution or writ of attachment, or within thirty days after the same may have been placed in the

hands of any receiver or trustee; and thereupon it shall be the duty of the person or court receiving such statement to pay the amount of such claim or claims to the person or persons entitled thereto, after first paying all costs occasioned by the seizure of such property, out of the proceeds of the sale of the property seized: *Provided*, that any person interested may contest any such claim or claims, or any part thereof, by filing exceptions thereto, supported by affidavit, with the officer having the custody of such property; and thereupon the claimant shall be required to reduce his claim to judgment before some court having jurisdiction thereof before any part thereof shall be paid." R. S. 1889, sec. 4911.

I.   The only question discussed by counsel on this appeal is the constitutionality of section 4911, Revised Statutes of 1889, upon which respondents predicate their claim.   Appellant insists that it is obnoxious to section 30, of article 2, of the Constitution, which provides "that no person shall be deprived of life, liberty, or property without due process of law," in that it authorizes the court, or officer in charge of the property of an insolvent debtor, to pay labor claims without notice to parties interested therein, and without giving them a hearing or an opportunity to be heard.

Undoubtedly, no one can be deprived of his property without an opportunity to be heard.   This principle is fundamental, and the declaration in the Constitution to that effect is a mere authoritative recognition of it.   Taking the property of an employer to pay the claims of his employees upon their mere sworn statement, without notice and without giving him an opportunity to contest their correctness, would certainly be taking his property without due process.   It could make no difference that his property was in the hands of the law, to be subjected to the payment of his cred-

itors.  He still has rights in it which are entitled to
protection.  One of these is that of having it applied
to the payment of actual creditors.  Yet in order to
secure to the debtor an opportunity to be heard it is
not essential that the proceedings should be according
to the course of the common law.  It is competent for
the legislature to prescribe a summary and inexpensive
proceeding for enforcing such claims.  In the case of
laborers whose services have enhanced the value of the
property of their employer, whose demands are small,
and who live and support their families upon the
wages earned, it is especially just that some manner of
proceeding should be provided by which they can
secure their rights promptly and without having to
resort to the slow and expensive procedure provided
by the general law.  By this statute the legislature
undertook to accomplish that purpose.  The statute
"was enacted in the interest of labor, and a sound
public policy requires that it be liberally construed."
*Winslow v. Urquhart*, 39 Wis. 268.

The statute gives a preference to laborers only
after the property of the employer has gone into the
hands of the court, an officer of the court, or a trustee,
for the purpose of being subjected or applied to the
payment of his debts.  The statute impresses upon
the property a priority in the nature of a lien, in favor
of the laborers.  The property is in the hands of the
court, the officer, or trustee, for administration.  The
proceeding of the claimant, as provided, is against the
property rather than the creditor.  After the seizure
or transfer of the property others beside the owner
have interests in it.  It would, in many cases, be
almost, if not altogether, impracticable to give each
interested party personal notice of the claim.  In such
case a substituted notice to all persons interested may
be provided.  The legislature has a large discretion in

respect to the manner of giving such notices, and where a kind of notice has been provided, by which it is reasonably probable that the party interested will be apprised of what is contemplated, and an opportunity is afforded him to defend, courts should not pronounce the proceedings illegal.  *Matter of Empire Bank*, 18 N. Y. 199.

"A substituted service is provided by statute for many such cases; generally in the form of a notice, published in the public journals, or posted, as the statute may direct; the mode being chosen with a view to bring it home, if possible, to the knowledge of the party to be affected, and to give him an opportunity to appear and defend.  The right of the legislature to prescribe such notice, and to give it effect as process, rests upon the necessity of the case, and has been long recognized and acted upon."  Cooley, Const. Lim. 497; *Jones v. Driskill*, 94 Mo. 190.

The statute provides: "Any such laborer or servant desiring to enforce his or her claim for wages under this chapter shall present a statement under oath showing the amount due after allowing all just credits and set offs, the kind of work for which such wages are due, and when performed, to the officer, person, or court charged with such property, within ten days after the seizure thereof on any execution or writ of attachment, or within thirty days after the same has been placed in the hands of any receiver or trustee."

Every person interested in the property of the debtor is presumed to know the preferred right of the laborer or servant, and the course to be pursued by him in order to enforce his claim.  The time within which the statement is to be filed is limited to thirty days.  The statement gives full information to all persons interested.  The officer or person in charge fre-

quently represents both debtor and creditor. Persons interested would naturally seek information from the files of the court or from the officer or person in charge of the property. It seems to us that a more effectual notice could not have been provided. It is the manner of giving such notice, of all others which would most probably apprise parties interested, of the claims made. It would more probably advise parties of the proceeding than would publication in a newspaper or posting in a public place.

We are of the opinion that the law sufficiently provides for giving notice.

II. An opportunity is also given to defend. The statute provides "that any person interested may contest any such claim or claims, or any part thereof, by filing exceptions thereto, supported by affidavit, with the officer having custody of such property; and thereupon such claimant shall be required to reduce his claim to judgment before some court having jurisdiction thereof before any part thereof shall be paid." In the suit thus required, the correctness of the claim can be determined, and a party disputing the right to a preference can have it determined by any appropriate proceeding.

III. It is next objected that the section in question is an amendment to the execution law, and so far as its terms apply to seizures under writs of attachment, it is unconstitutional in that it violates article 4, section 28, of the Constitution of Missouri, which provides that "no bill * * * shall contain more than one subject, which shall be clearly expressed in its title."

It appears from the journal of legislative proceedings, of the session held in 1889, that what is now section 4911 was passed as a separate bill, entitled: "An act for the protection of employees and laborers

by making them preferred creditors for certain claims."
The act was approved March 6, 1889.

This act was incorporated into, and made a part
of, what is now chapter 63, relating to executions.
That chapter was passed as a revised bill, and was
approved May 28, 1889.

The title to the act, as originally passed, unques-
tionably meets the requirements of section 28, article
4, of the Constitution.   The subject of the bill is very
clearly expressed in its title.

The legislature is required to revise, digest and
promulgate all general laws, at stated intervals, but no
limitation is placed upon it in respect of heads under
which the various laws shall be grouped.   That is a
matter left to the discretion of the legislature itself.
Sec. 41, art. 4, of Constitution.

There can, therefore, be no constitutional objec-
tion to placing this act in the revised law relating to
execution.   Indeed, we can think of no more appro-
priate place for it.   It deals with the property of
debtors as does also the law relating to executions.   It
will be found also that other sections of chapter 63
relate to subjects beside that of executions.   Secs.
4903, 4904, 4908, 4915, and 4931.

While the section is wanting in completeness in
some particulars, we do not think it unconstitutional.

The employer makes no objection to the payment
of these claims and the attaching creditors have been
fully heard, or at least the opportunity for a hearing
has been given them.

The judgment is affirmed.   All the judges of this
division concur.