# Pulaski Township Poor District *v.* Lawrence County, Appellant.

*Constitutional law—Special and local legislation—Poor law—Act of March* 6, 1903, *P. L.* 18.

Those parts of the Act of March 6, 1903, P. L. 18, which provide for the relief of needy, sick and indigent persons who have no known legal settlement within the commonwealth, at the expense of the county where relief is required, do not contravene sec. 7, art. III of the constitution, relating to special and local legislation regulating the affairs of municipalities. The fact that the operation of the Act of June 4, 1879, P. L. 78, led to a diversity of method of accomplishing the same result in this class of cases, is not a valid reason for declaring the act of 1903 a local and special law; nor is it special because it divides paupers into two classes, namely, those without a settlement in this state, or whose settlement is unknown, and those who have a settlement, and establishes a different rule as to the relief of each class.

Submitted May 15, 1907. Appeal, No. 63, April T., 1907, by defendant, from order of C. P. Lawrence Co., March T., 1906, No. 97, overruling demurrer to claim in case of Pulaski Township Poor District v. Lawrence County. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Demurrer to statement. Before PORTER, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*A. W. Gardner*, for appellant.—The statute relates to particular things of a class and is, therefore, special : Wheeler v. Phila., 77 Pa. 338 ; Lehigh Valley Coal Co.'s App., 164 Pa. 44 ; Ayars's App., 122 Pa. 266 ; York Hospital, etc., v. County of York, 16 York, 117 ; Thatcher v. County Commissioners, 16 York, 205.

The attempted classification by this act of counties into two classes, viz. : those that have poor houses and those that have not, is unnecessary and uncalled for : Ruan Street, 132 Pa. 257.

There cannot be one law in some counties relating to the maintenance of all paupers as a class, and another law in cer-

tain counties as to the support and burial of a portion of that class : Weinman v. Pass. Ry. Co., 118 Pa. 192; Perkins v. Phila., 156 Pa. 554.

In the recent case of Renovo Borough Poor District v. Clinton County, 32 Pa. C. C. Rep. 209; 53 Pitts. L. J. 318, the act in question was declared unconstitutional as special or class legislation, as was the former Act of June 6, 1893, P. L. 328, relating to the same subject, in Conyngham Township v. Luzerne County, 5 Pa. Dist. Rep. 183 ; 17 Pa. C. C. Rep. 83.

*Aaron L. Hazen*, with him *John P. Lockhart* and *Gregory & Dickey*, for appellee.—The test by which to determine whether an act is local or special within the prohibition of sec. 7, art. III of the constitution, is not actual results, but possibilities : Frost v. Cherry, 122 Pa. 417 ; Com. v. Reynolds, 137 Pa. 389; Bennett v. Norton, 171 Pa. 221; Com. v. Gilligan, 195 Pa. 504 ; Com. v. Mintz, 19 Pa. Superior Ct. 283.

A general statute will not be rendered unconstitutional by the fact that by its own terms it is not to apply to those portions of the state where there may be in force local or special statutes inconsistent with its provisions, but relating to the same subject-matter : Evans v. Phillipi, 117 Pa. 226 ; Bitting v. Com., 20 W. N. C. 178 ; Bennett v. Norton, 171 Pa. 221.

OPINION BY RICE, P. J., October 7, 1907 :

The question involved in this case is the constitutionality of the Act of March 6, 1903, P. L. 18, or, to be more exact, the constitutionality of those parts of the act which provide for the relief of needy, sick and indigent persons, who have no known legal settlement within the commonwealth, at the expense of the county where relief is required. It may be surmised that the draftsman of the act had particularly in mind counties not operating under the Act of June 4, 1879, P. L. 78, the constitutionality of which was upheld in Rose v. Beaver County, 20 Pa. Superior Ct. 110 ; s. c., 204 Pa. 372. But the words of the act are broad enough, and must be construed to cover all counties in which a poor or almshouse for the support, care and shelter of the needy and indigent is not maintained, either by general or local law, by and at county expense. It is claimed that the effect of the qualifying words

is to limit and restrict the provisions of the act to a particular class of counties, and, therefore, they are in contravention of sec. 7, art. III, of the constitution, which declares that the legislature " Shall not pass any local or special law regulating the affairs of counties, cities, townships, wards, boroughs or school districts." But, as in the counties to which it is claimed the act does not apply, the duty of furnishing relief to the class of poor persons described in the act who have no known legal settlement in the commonwealth was already devolved by law upon the county, it is apparent that the immediate effect of the act was to promote uniformity, by putting all other counties upon the same basis so far as that general duty is concerned.

But until every county of the state has taken advantage of the provisions of the act of 1879, there must of necessity be diversity of method of caring for the poor between counties that have taken advantage of its provisions and those in which the poor district system is retained. For example, in the former, orders of relief and removal are granted to and upon the county commissioners, and in the latter, to and upon the directors or overseers of the poor of the proper district. In the present case an order of relief issued to the overseers of the poor of the township poor district, and, it is admitted by the demurrer, that the person for whom it issued had no known legal settlement in the state. Under the act of 1903 it became the duty of the county commissioners, from and after notice from the overseers of the poor, either to take charge of him and furnish the needed relief, or, in the event of their election not to do so, to reimburse the poor district the amount necessarily expended. The result is to compel the county to bear the expense of relief. The same result would have been reached, but by a different method, if the county, having availed itself of the privilege of the act of 1879, were operating under its provisions. This diversity of method of accomplishing the same result in this particular class of cases, necessitated by the fact that under the operation of a valid and constitutional statute there are in some counties poor districts and overseers of the poor and in others the whole county is a single poor district, and its affairs are administered by the county commissioners, is not a valid reason for declaring the act of 1903 a local or special law within the prohibition of the constitution. In

support of this conclusion we refer to Lehigh Valley Coal Co.'s Appeal, 164 Pa. 44, with the doctrine of which, we think, it is in full accord.

But, in determining whether an act is local or special within the prohibition of this section, not only present results but possibilities must be considered: Frost v. Cherry, 122 Pa. 417. Hence, if the act must be construed as permanently excluding from its operation all counties which at the time of its enactment were operating under the act of 1879, or similar laws, the legal possibility of local and special results being accomplished by it upon repeal of those laws is apparent. We think it clear, however, that the words of the act do not require such construction, if any attention whatever is to be given to the sound principle, that "where the legislative intent is not to evade the restrictions the courts are not required to be astute in extending them over cases not really within the evil prohibited, though the form may have the appearance of coming within the literal words of the constitution:" Commonwealth v. Gilligan, 195 Pa. 504. As the learned compiler and annotator of the last edition of Purdon's Digest well says, and as the authorities abundantly show, there is a marked distinction between inclusive and exclusive provisions under this section: 1 Stewart's Purdon's Digest, 153. Assuming the legal possibility of a repeal of the act of 1879, and of all local or special laws under which particular counties are now charged with the duty of supporting, caring for and sheltering poor persons needing relief, the result would be to re-establish the poor districts in such counties. When that change occurs, if it ever shall, and the duty is again cast primarily on the poor districts, there is no clause or provision of this act which will exclude any of those counties from its operation. On the contrary, it will at once become operative throughout the state, without any change or amendment thereof. As already stated, the immediate effect of the act is to promote uniformity, not to produce local or special results that are forbidden by the constitution, and it does not appear that it can by any possibility have the latter effect in the future. This being so, the same principle that sustained the legislation construed in Evans v. Phillipi, 117 Pa. 226; Reading v. Savage, 124 Pa. 328, and kindred cases is applicable here.

It is argued further that the act is special, and, therefore, invalid, because it divides paupers into two classes, namely, those without a settlement in this state or whose settlement is unknown, and those who have a settlement, and establishes a different rule as to the relief of each class. But there are obvious reasons which might properly move the legislature to conclude that it would be just and expedient to shift the burden from the poor district into which a poor person without legal settlement there or in any other poor district of the state, might chance to come, to the county, which would not hold good in the case of a poor person who has a legal settlement in some poor district of the state to which he can be removed. There is no provision of the constitution which so ties the hands of the legislature that it cannot do the former, unless it also relieves all poor districts of the burden of caring for the poor who have legal settlements therein and casts it on the county. This, it seems to us, does not require discussion.

The judgment is affirmed.