## Ben Avon Borough *v.* Crawford, Appellant.

*Constitutional law—Special or local legislation—Act of May 28, 1907, P. L. 287—Constitution of Pennsylvania, Art. III, Sec. 7.*

The Act of May 28, 1907, P. L. 287, entitled "An Act to authorize municipalities or townships to make assessments for municipal improvements outside of their corporate limits under certain conditions," does not violate Sec. 7, of Article III of the Constitution of Pennsylvania, which prohibits the passage of local or special laws.

Argued May 3, 1916. Appeal, No. 141, April T., 1916, by defendants, from order of C. P. Allegheny Co., April T., 1916, No. 910, discharging rule to strike off lien in case of Ben Avon Borough v. Eliza M. Crawford Estate, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to strike off municipal lien. Before HAY-MAKER, J.

The case turned upon the constitutionality of the Act of May 28, 1907, P. L. 287.

*Error assigned* was order discharging rule to strike off lien, and in making absolute rule for judgment for want of a sufficient affidavit of defense.

*John E. Winner,* for appellants.—The act is unconstitutional: Dewalt v. Bartley, 146 Pa. 529; Blankenburg v. Black, 200 Pa. 629; Com., ex rel., v. Patton, 88 Pa. 258; Beltz v. Pittsburgh, 26 Pa. Superior Ct. 66; Scowden's App., 96 Pa. 422; Ayar's App., 122 Pa. 266; Philadelphia v. Haddington M. E. Church, 115 Pa. 291; Mor-

rison v. Bachert, 112 Pa. 322; McCarthy v. Com., ex rel.,
110 Pa. 243; Chalmers v. Philadelphia, 250 Pa. 251;
Frost v. Cherry, 122 Pa. 417.

*James McLaren,* for appellee.—The act under consideration does not pretend to and does not classify the municipalities of the Commonwealth.   If there is any classification it is a classification of streets in accordance with the peculiar situation of the streets.   The legislature used good faith in making the classification: Bennett v. Norton, 171 Pa. 221; Commonwealth v. Gilligan, 195 Pa. 504; Commonwealth v. Mintz, 19 Pa. Superior Ct. 283; Pittsburgh's Petition, 217 Pa. 227; Stegmaier v. Jones, 203 Pa. 47; Pulaski Twp. Poor Dist. v. Lawrence County, 222 Pa. 362, 358; Seabolt v. Commissioners, 187 Pa. 318; Ayars' App., 122 Pa. 266; Stegmaier v. Jones, 203 Pa. 47; Lehigh Valley Coal Co.'s App., 164 Pa. 44; Commonwealth v. Grossman, 248 Pa. 11; Oil City v. Oil City Trust Co., 151 Pa. 454.

OPINION BY HENDERSON, J., July 18, 1916:

The defendant's land was assessed for its proportionate share of the cost of paving a borough street under the Act of May 28, 1907, P. L. 287.   This statute provides that "Whenever any street, alley or highway entirely within the limits of any city, borough or township, shall divide the said city, borough or township from any other municipality or township located in the same county, the property on the side of said street, alley or highway, opposite the present line of said first-named municipality, borough or township shall for a depth of one hundred and fifty feet from said line be assessed for any and all municipal improvements to or on the streets, alleys or highways on which the said property shall abut, in the manner provided by the act of assembly, etc."   The north line of Perrysville avenue in the Borough of Ben Avon forms the boundary line between that borough and Kilbuck Township in Allegheny County.   The avenue

lies wholly within the corporate limits of the borough and the defendant's land charged with the assessment abuts on the avenue, but is in Kilbuck Township. That the defendant's property is benefited by the improvements seems not to be questioned, but defense is made against the claim on the ground that the act referred to is unconstitutional because it only applies to municipalities in the same county whereas there may be instances in which the dividing highway may be the line between a municipal division within one county and a municipal division in an adjoining county, and that the legislation is therefore local or special legislation regulating the affairs of cities, boroughs and townships and prohibited by Section 7 of Article III of the Constitution. That the act is general in its terms is evident. It applies to all streets in all municipalities under similar conditions. Nothing in the terms of the act or the subject of it suggests that it is founded on artificial distinctions made for the purpose of evading a constitutional prohibition. If we accept the appellant's view that the case is to be disposed of on the theory of classification we are not persuaded that it has or was intended to have a local or special application. It is not impossible that highways of the kind described in the statute may exist in any county in the State. A change of boundary lines might bring any of the municipal divisions covered by the act within its operation. Classification is a legislative question and where it is founded on real distinctions in the subjects classified and not on irrelevant ones used for the purpose of evading the Constitution the action of the legislature is conclusive. Good faith in classifying and the genuineness of the distinctions determine the validity of the act: Lehigh Valley Coal Co.'s App., 164 Pa. 44; Seabolt v. Commissioners, 187 Pa. 318; Stegmaier v. Jones, 203 Pa. 47; Pulaski Twp. Poor Dist. v. Lawrence County, 222 Pa. 358. There are obvious reasons why the legislation is limited in its operation to municipalities within the same county. It was said

in Com. v. Gilligan, 195 Pa. 504, "Undoubtedly many acts have been passed whose framers intended to evade the constitutional prohibitions.  These the courts have always unhesitatingly struck down, and may safely be relied on to continue to do so.  But where the legislative intent is not to evade the restrictions the courts are not required to be astute in extending them over cases not really within the evil prohibited though the form may have the appearance of coming within the literal words of the Constitution......It may, therefore, be taken as settled law that in cases of this character the courts will look beyond the mere form of the act and examine its true intent and effect, in the light of the purpose of the constitutional restrictions."  In view of the principle of these and other authorities of similar import our conclusion is that the judgment of the learned trial judge was correct.

The judgment is affirmed.