## In re Petition of Borough of Clarion.

*Boroughs—Streets—Township boundary—Improvements — Powers of borough—Assessments—Act of May 14, 1915, P. L. 312 (Borough Code).*

Where a street, which is the boundary line between a borough and a township, is located wholly within the limits of the borough, it is not necessary that a contract be entered into with the township, or that a petition be signed by a majority of the property owners in interest and number abutting the line of the proposed

## 430    In re PETITION OF CLARION BOROUGH.

improvement within the borough limits, in order to institute street improvements under the provisions of the Borough Code.

A part of the cost of improving such a highway in a borough may be assessed on abutting property specially benefited thereby, even though such abutting benefited property may itself be located in an adjoining township. It receives special advantage of the improvement and may be required, if the legislature sees fit to order it, to contribute its fair proportion of the cost.

The Borough Code of 1915 is not for the most part new legislation. It is largely a compilation of existing laws, rearranged as to form, but preserving, in substance, the rights and powers granted to boroughs by previous legislation. As the different sections have different origins, they apply to different situations, and are not dependent on each other and the provisions of one are not necessarily to be read as requirements into the others.

*Board of viewers—Assessments of damages or benefits—Exceptions to report—Dismissal of exceptions—Decree of court.*

In dismissing exceptions to a report of a board of viewers, appointed for the assessment of damages or benefits for municipal paving, it is error to enter judgment against the exceptants, personally.

Argued April 11, 1921. Appeal, No. 104, April T., 1921, by F. X. Myer, Peter Zacheril, and Frank Keim, from the order of C. P. Clarion County, May T., 1920, No. 91, dismissing exceptions to report of Board of Viewers in the matter of the petition of Borough of Clarion for appointment of viewers to make assessment for municipal improvement. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Modified and affirmed.

Exceptions to report of Board of Viewers. Before SLOAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions and directed that judgment be entered against exceptants in the sum of $1,085.23 with interest from July 30, 1920. Exceptants appealed.

429, (1921).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were various findings of fact, dismissing exceptions and the decree of the court.

*George F. Whitmer*, and with him *Corbett & Rugh*, for appellant.—A municipality can impose a valid municipal lien for street improvements only when the improvements are made in pursuance of law: Scranton Sewer, 213 Pa. 4; Carlisle v. Welsh et al., 74 Pa. Superior Ct. 258; W. P. R. Co. v. Allegheny, 92 Pa. 100; Hershberger v. Pittsburgh, 115 Pa. 78; Ferguson's App., 159 Pa. 39; Young's App., 155 Pa. 623.

*W. J. Geary,* for appellee, cited: Omega Street, 152 Pa. 129; Frederick Street, 155 Pa. 623; Rodgers v. Boro. of Freemansburg, 2 County Ct. R. 518; Borough of Millvale v. Jno. Peoxon et al., 123 Pa. 497; Young's App., 155 Pa. 623.

OPINION BY KELLER, J., October 17, 1921:

The Borough of Clarion, by virtue of an ordinance duly passed under authority of subdivision V, section 9, article VII, chapter VI, of the Borough Code of 1915, paved and improved Main Street from Second Avenue westward to the grounds of the Clarion County Fair Association. The work was done in conjunction with the State Highway Department—the state paving a strip 16 feet wide in the center and the borough a strip 9½ feet wide on each side of the state improvement,— and two-thirds of the cost to the borough of paving the portions of said improvement abutting on real estate within said borough was assessed on said abutting real estate. The appellants, as tenants in common, own a tract of land situate wholly in Clarion Township but fronting on said Main Street for a distance of 217.7 feet, Main Street dividing the borough from the township at that point.

In accordance with the provisions of section 28, article VII, chapter VI, and article II, chapter VI, of the

Borough Code of 1915, the Borough of Clarion presented its petition to the court of common pleas asking for the appointment of viewers to assess the property of appellants, abutting on Main Street, to the depth of 150 feet, with its share of the cost of such improvement. Viewers were duly appointed, notice given and a view had which was attended by one of said appellant property owners, and report was filed assessing the property of appellants in Clarion Township abutting on Main Street in said borough, 217.7 feet, and for a depth of 150 feet, as a property particularly benefited by such improvement, with the sum of $1,085.23.

Exceptions were filed by said property owners raising two grounds of objection to the validity of the report: (1) That the street or road on which exceptants' property abutted was not located entirely within the borough, but partly in Clarion Township; (2) that the proceeding was invalid and illegal because not in conformity with sections 18 and 19 of article VII, chapter VI, of the Borough Code relative to the paving of boundary streets, in that (a) the borough had no agreement with Clarion Township as to the division of the damages, costs and expenses of such improvement (section 18); and (b) the borough had made the improvement without a petition signed by a majority of the property owners in interest and number abutting the line of the proposed improvement, within the borough, asking that the same be made (section 19).

The court dismissed the exceptions and directed judgment to be entered against the exceptants.

The assignments of error may be considered under the same heads as the exceptions were grouped.

1. The court below found that Main Street, including that portion abutted on by appellants' property, was wholly in the borough. We are not satisfied from an examination of the record submitted to us that this was error. The borough was enlarged in 1884, and the part taken into the borough was described in the proceedings

as: "Beginning at the south side of the west end of
Main Street at the western boundary line of the present
Borough of Clarion, thence by the turnpike north 60 de-
grees west 10.4 perches," etc.  Main Street, at the point
of its former western boundary line, was unquestionably
80 feet wide; the turnpike as laid out was only 60 feet
wide, but the description shows no break between nor
angle connecting the south side of Main Street and the
south side of the turnpike.  The street was opened and
used by the public and recognized as a borough street
for the full width of 80 feet; appellants' deeds referred
to their land as extending along the south side of Main
Street; no part of the street had ever been laid out as
a township road, nor does any of it appear to have ever
been worked on by the township supervisors; and all of
the street affected by this improvement was admittedly
within the borough.

Furthermore, as to this ground of exception, based
wholly on a matter of fact, we are of opinion that the ap-
pellants could not bring it before the court by exceptions
to the report without first raising the question before the
viewers and having the question of fact passed on by
them: Omega Street, 152 Pa. 129; Frederick Street, 155
Pa. 623.

2. The second ground of exception is in a different
case.  It raises a question of law and may therefore
properly be considered on exceptions to the viewers' re-
port.  "Questions of form or of law, arising upon the
face of the report, may however be brought to the atten-
tion of the court by exceptions by any one interested,
and without regard to his appearance or nonappearance
before the viewers": Omega Street, supra, p. 132.  "The
filing of exceptions to the report of viewers has nothing
to do with the right of appeal": Bowers v. Braddock
Boro., 172 Pa. 596, p. 600.  If the provisions of sections
18 and 19 of article VII, chapter VI, of the Borough
Code must be written into section 28 of the same article,

then the proceedings were invalid and the assessment must fall.

We have had occasion to point out in prior decisions that the Borough Code of 1915 is not, for the most part, new legislation. It is largely a compilation of existing laws, rearranged as to form, but preserving in substance the rights and powers granted to boroughs by previous legislation. Thus we find that though sections 18, 19, 20, 21, 22 and 28 of article VII, chapter VI, treat of somewhat similar subjects, they were derived from different sources and are not essentially related nor interdependent. Sections 18, 19 and 20 are derived from the Act of July 10, 1901, P. L. 637, authorizing the grading, paving and curbing or macadamizing of streets and alleys, which may be in whole or in part the boundaries of boroughs and first-class townships, by joint contract, and providing for the payment of costs, damages and expenses thereof; section 21 is practically a reënactment of the Act of May 20, 1913, P. L. 267; section 22 retains to boroughs the powers given them by the Act of May 23, 1913, P. L. 336; while section 28 is a reënactment so far as boroughs are concerned of the Act of May 28, 1907, P. L. 287, authorizing municipalities to make assessments for municipal improvements against property outside of their corporate limits under certain conditions.

As they have different origins, so they apply to different situations. Sections 18, 19 and 20, by their very terms, refer to cases where a street or road forms the boundary between a borough and a township and is located partly in each, for otherwise the township would not be interested in the payment of damages, costs and expenses of the improvement. Section 21 covers the case where the center line of the highway constitutes the dividing line between a borough and a township located in the same county and the county is willing to assist in the improvement; section 22 authorizes the expenditure by a borough of its moneys on the improvement of high-

ways outside the borough limits, in certain circumstances; while section 28 covers the case of a street situate wholly in a borough, which divides such borough from a township, located in the same county, and authorizes the borough in such case to assess part of the cost of the improvement of such street on the abutting property in the township specially benefited thereby. The several sections are not dependent on each other and the provisions of the one cannot be read as requirements into the others. It was not necessary, therefore, that a contract with the township, and a petition signed by a majority of the property owners in interest and number abutting the line of the proposed improvement within the borough limits, which are prerequisites for valid action under sections 18 and 19, should be present for a proceeding under section 28, when it was proposed to assess only two-thirds of the cost of the improvement on the abutting owners. We know of no reason why the legislature may not authorize a municipality to assess a part of the cost of improving one of its highways on abutting property specially benefited thereby, even though such abutting and benefited property may itself be located in an adjoining township. It receives the special advantage of the improvement and may be required, if the legislature sees fit to order it, to contribute its fair proportion of the cost.

The report disclosed that the proceedings before the viewers were in all respects regular and that the assessment for benefits upon the property of the appellants had been made in the manner authorized by the statute. The court did not err in dismissing the exceptions and confirming the report; but the final order of the court went further and directed that judgment be entered against the exceptants. The court was without authority, at that stage of the proceeding, to enter judgment against the appellants, personally, and the order must accordingly be modified.

The order of the court is modified by striking off the entry of judgment against the exceptants, and as modified, the order is affirmed at the costs of the appellants.