# Borough of Williamsburg, Appellant, *v.* Bottenfield.

*Constitutional law—Title of acts—Borough Code—Consolidating acts—Assessment of land outside of the borough—Procedure—Municipal assessments—Taxes.*

Section 28 of Chapter VI, Article VII, of the Borough Code, permitting boroughs to assess property lying outside the borough for municipal improvements on streets entirely within its limits, but

which form the boundary of the borough, does not violate Article III, section 3, of the Constitution of Pennsylvania.

Article III, section 3, of the Constitution does not require that a general act, consolidating many statutes enacted over a course of years with reference to some broad subject of legislation, shall in its title refer to all the other subjects collaterally affected by the passage of the various statutes to be consolidated. Those affected by such legislation were put upon notice of its effect on them when the statutes were originally enacted in compliance with Article III, section 3, of the Constitution, with the subjects of legislation clearly expressed in their respective titles. It is not necessary to repeat them again in the title of the consolidated act, provided the subject is germane to the general subject as it existed when the consolidated statute was passed. The title of a consolidating act must be passed upon in the light of the legislation already existing on the subject at the time of its passage.

The sole method of assessing land lying outside the borough is by appointment of viewers and assessment of benefits in accordance with the provisions of Chapter VI, article 2, of the Borough Code. An assessment made by the foot front rule is without legislative warrant or authority and is not validated by the various acts validating municipal liens.

Municipal assessments for street improvements are not taxes. They are claims laid against properties abutting on and benefited by the improvement merely to the extent of the benefits received.

Argued October 26, 1926. Appeal No. 256, October T., 1926, by plaintiff from judgment of C. P. Blair County, Tax Lien Docket No. 2345, in the case of Borough of Williamsburg v. Nora Bottenfield. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to strike off a municipal lien. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Marion D. Patterson* for appellant.—Section 28 of Article VII, Chapter VI, of the Borough Code of

1915, P. L. 312, is constitutional: Ben Avon Borough v. Crawford, 64 Pa. Superior Ct. 163; Lehigh Valley Coal Co.'s App., 164 Pa. 44; Seabolt v. Commissioners, 187 Pa. 318; Stegmaier v. Jones, 203 Pa. 47; Pulaski Twp. Poor Dist. v. Lawrence County, 222 Pa. 358; Petition of Clarion Borough, 77 Pa. Superior Ct. 429.

*John M. Snyder,* for appellee, cited: Beckert v. Allegheny, 85 Pa. 191; Dorsey's Appeal, 72 Pa. 192; Road in Phoenixville, 109 Pa. 44; Ridge Avenue Pass. R. Co. v. Philadelphia, 124 Pa. 219; Philadelphia v. Ridge Avenue Pass. R. Co., 142 Pa. 484; Payne v. District, 168 Pa. 386.

OPINION BY KELLER, J., March 3, 1927:

The learned court below struck off so much of the plaintiff borough's municipal claim as was filed against the defendant's land lying outside the borough. We affirm the order but for a different reason than that assigned by the court below.

The lien was filed to collect the cost of paving and curbing certain parts of High and Union Streets, by an equal assessment on the foot front, from the owners of real estate abutting on the improvement. High Street is entirely within the borough but forms the dividing line between the borough and Woodbury Township, and the lien covered, inter alia, defendant's land in said township, fronting on High Street for a distance of 303 feet and for a depth of 150 feet.

Plaintiff based its authority to file the lien on Section 28 of Chapter VI, Art. VII of the Borough Code of 1915, P. L. 312, p. 356, which provides: "Whenever any street or alley, entirely within the limits of any borough, shall divide such borough from any other municipality or township, located in the same county, the property on the side of the street or alley opposite the line of the borough shall, for a depth of one hun-

dred and fifty feet, be assessed for municipal improvements on such streets or alleys on which such property shall abut, in the manner provided by chapter six, article two of this act.''

The lower court held this section of the Borough Code unconsititutional because the title of the act gave no notice of any intent to impose on the owners of real estate located in a township any share of the financial burden for making a borough improvement (Art. III, sec. 3, of the Constitution). The title of the Borough Code is ''An Act providing a system of government for boroughs, and revising, amending and consolidating the law relating to boroughs.''

Had the provisions of section 28, supra, first appeared in the Borough Code of 1915 we would be disposed to agree with the position taken by the court below. But we pointed out in In re Petition of Clarion Borough, 77 Pa. Superior Ct. 429 that article 28, supra, is practically a re-enactment, so far as boroughs are concerned, of the Act of May 28, 1907, P. L. 287, authorizing cities, boroughs and townships in making improvements to or on streets, alleys or highways entirely within their limits, but forming the dividing line between them and any other municipality or township located in the same county, to assess the property in such other municipality or township abutting on said street, alley, or highway so improved for a depth of 150 feet, to the extent of the benefits conferred by such improvement, as if the said property were entirely located within the limits of said first named cities, boroughs or townships. We sustained the constitutionality of the Act of 1907, supra, in Ben Avon Boro v. Crawford, 64 Pa. Superior Ct. 163. It is not necessary to add anything to what was so well expressed by Judge HENDERSON in the opinion in that case, except to note, in response to the suggestion of the court below in the present case, that municipal

assessments for street improvements are not taxes. They are claims laid against properties abutting on and benefited by the improvement, only to the extent of the benefits received. Hence decisions of the appellate courts relative to the attempted levying of taxes by municipalities on lands outside the taxing district are not in point.

When, therefore, the legislature took up the task of consolidating the various laws relating to boroughs into a comprehensive compilation or code, it knew, and the public was bound to know, that boroughs already possessed the power recited in section 28, supra; that it was not the conferring of a new power but only its re-enactment in the course of consolidating many acts into one comprehensive statute. Article III, section 3 of the constitution does not require that a general act consolidating many statutes enacted over a course of years, with reference to some broad subject of legislation, shall in its title refer to all the other subjects collaterally affected by the passage of the various statutes to be consolidated. Those affected by such legislation were put upon notice of its effect on them when the statutes were originally enacted in compliance with Article III, section 3 of the Constitution aforesaid, with the subjects of legislation clearly expressed in their respective titles. It is not necessary to repeat them again in the title of the consolidating act, provided the subject is germane to the general subject of legislation as it existed when the consolidating statute was passed: Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923; Larned v. Tiernan, 110 Ill. 173; Marston v. Humes, 3 Wash. 267, 28 Pac. 520; Hennig v. Staed, 138 Mo. 430, 40 S. W. 95; State v. Horner, 35 S. D. 612, 153 N. W. 766; Aud. Genl. v. Lake George R. Co., 82 Mich. 426, 46 N. W. 730; 36 Cyc. 1021 (c). See also Com. v. Snyder, 279 Pa. 234, 243. The title of a consolidating act must be passed upon

in the light of the legislation already existing on the subject at the time of its passage. Bearing this in mind we are of opinion that section 28 of Chapter VI, Article VII, of the Borough Code aforesaid is constitutional.

But the power recited in the section must be limited to the method or means prescribed. The section provides that property outside the borough benefited by the improvement shall be assessed "in the manner provided by chapter six, article two, of this act." The method therein provided is by the appointment of viewers and award of jury of view assessing benefits, etc. No provision is made for lien or assessment by the foot front rule, probably for the reason that as it might apply to real estate in townships, the land affected might not be urban property and hence not subject to that rule. Whatever the reason, the legislature provided that a borough wishing to assess part of the cost of improving a street on abutting real estate in an adjoining township must proceed by the appointment of viewers and the assessment of benefits as prescribed in Chapter VI, Article II of the Code. No other course is permitted. The various acts validating municipal liens cited by the appellant in its supplemental brief are of no avail to it. The Legislature may by statute validate liens that are defective in failing to comply with certain requirements imposed by law, which, had the law making power seen fit to do so, might have been waived in the first instance. None of them goes so far as to validate what was never authorized. The assessment validated is only such as was "contemplated by the law under which the improvement was made"; not one wholly without legislative warrant or authority. For this reason it was proper to strike off the lien filed in so far as it affected land outside the borough.

The order is affirmed at the costs of the appellant.