## Allshouse et ux., Appellants, *v.* City of Pittsburgh.

*Municipalities — Street paving — Benefits—Assessments—Property partly in one municipality and partly in another—Act of May 28, 1907, P. L. 287.*

A property which fronts on a city street for the depth of six feet, and thereafter extends into the limits of an adjoining borough for less than 100 feet, is liable as a whole for assessment for street paving in the municipality on which the property fronts. Such a case is within the spirit and purpose of the Act of May 28, 1907, P. L. 287, which provides that, when a street shall divide one municipality from another, the property on the side of the street opposite the present line of the first named municipality shall, for the depth of 150 feet from said line, be assessed for any and all municipal improvements to or on the streets, alleys or highways on which the property shall abut.

Argued May 2, 1927. Appeal No. 201, April T., 1927, by plaintiffs from judgment of C. P. Allegheny County, January T., 1926, No. 374, in the case of Abram J. Allshouse and Portia Frances Allshouse, his wife, v. City of Pittsburgh. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from Board of Viewers. Before MACFAR-LANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant in the sum of $624 and judgment thereon. Plaintiffs appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of motion for a new trial.

*Charles M. Donley,* and with him *Thomas H. Hasson,* for appellant.—The city could not assess the full costs of the improvements when only a fractional part of the front of the lot lies within the boundary of the municipality: Hundley v. Lincoln Park Com'rs., 67 Ill. 559; Edmons Land Company, Respondent, v. The City of Edmons, Appellant, 66 Washington St. 201; Farwell v. Seattle, 43 Wash. 141; Farlin v. Hill, 27 Mont. 27; Durrell v. Dooner, 119 Cal. 411; Gilchrist's Appeal, 109 Pa. 600; Matter v. Flatbush, 60 N. Y. 398; Deyo v. Newburgh, 122 N. W. Supp. 835.

*H. M. Irons,* Assistant City Solicitor, and with him *Charles A. Waldschmidt,* City Solicitor, for appellee, cited: Greenfield Avenue, 191 Pa. 290; Act of May 28, 1907, P. L. 287; Ben Avon Borough v. Crawford, 64 Pa. Superior Ct. 163; Philadelphia v. Conway, 257 Pa. 173.

OPINION BY PORTER, P. J., July 8, 1927:

The city having graded, paved and curbed Peebles Street, viewers were duly appointed to ascertain the damages and costs of the improvement and assess the properties benefited. The viewers filed a report assessing the lot of the plaintiffs for benefits, from which assessment the plaintiffs appealed and the trial resulted in a verdict and judgment in favor of the city, in the same amount for which the viewers had assessed the property. The evidence established that the property in question was a lot abutting directly upon the improvement and extending back eastwardly a little less than one hundred feet, upon which was erected a two-story brick dwelling house, known as No. 603 Peebles Street, which was the residence occupied by the plaintiffs. The line between the city of Pittsburgh and the borough of Wilkinsburg ran through this lot parallel to the line of Peebles Street, so that six feet in depth of the frontage of the lot was in the city and the

rear part of the lot, upon which the dwelling house was erected, was within the limits of the borough. The appellants, by their counsel, frankly admitted at the trial that, if their property as a whole was chargeable with the assessment, they had no objection to the amount of the assessment found by the viewers. They contended, however, that the property was not chargeable as a whole, and that the assessment should be limited to the benefits resulting to the strip of ground across the entire front of the lot and having a depth of six feet. The learned judge presiding at the trial held that the property was chargeable as a whole and that it would be unjust to levy an assessment upon the mere front to a depth of six feet, thus separating that strip of ground from the dwelling house which over it had access to the street. This, in view of the admission of the plaintiffs that the property as a whole was benefited to the amount of the assessment found by the viewers, resulted in a verdict and judgment for that amount in favor of the city. The plaintiffs appeal and assign for error the ruling of the court that that part of the lot within the borough of Wilkinsburg was to be taken into consideration in determining the amount of benefits to the property.

The property in question was a city lot, the dwelling house upon which was used as a private residence; the entire front of the lot abutted upon the street, and the use of that front by the occupiers of the dwelling was absolutely necessary to give them access to the public highway. To cut off six feet in depth of the frontage, thus denying the dwellers in the residence access to the street would be manifestly injurious to the entire property. We are of opinion that the lot in question must be regarded as a unit and that the case is within the spirit and purpose of the Act of May 28, 1907, P. L. 287, which provides that when a street shall divide a city, borough, or township from another municipality, the

property on the side of said street opposite the present line of the first named municipality, shall, for the depth of one hundred and fifty feet from said line, be assessed for any and all municipal improvements to or on the streets, alleys or highways on which said property shall abut. The part of the lot within the borough of Wilkinsburg is less than one hundred and fifty feet in depth from the line of the street, and it may properly be held to abut upon the street which gives it access to the system of streets of the entire city, and the grading and paving of which street was at the trial conceded to have resulted in a benefit to the lot as a unit. We held the Act of May 28, 1907, to be constitutional, in an opinion by our brother HENDERSON, in the case of Ben Avon Boro v. Crawford, 64 Pa. Superior Ct. 163. The assignments of error are dismissed.

The judgment is affirmed.