## Clarion County's Appeal.

*Lewis Collner*, Solicitor, for County Commissioners.
*Corbett & Rugh* and *M. H. Davis*, for petitioner.

HARVEY, P. J., Dec. 30, 1927.—This comes on to be heard upon motion of attorneys for Henry Booth, petitioner, to strike off the appeal from report of viewers in above-stated case.

On July 26, 1927, Henry Booth, by his attorneys, Corbett & Rugh, filed in the Court of Quarter Sessions of this County of Clarion, at No. 8, August Sessions, 1927, his petition for the appointment of viewers to view the premises and assess the damages sustained by him by reason of the relocation, straightening, changing the grade and paving the public road through his lands in Elk Township, Clarion County, Pa., known as State Highway Route No. 55; and by the appropriation of a considerable part of his lands and cutting him off from a large part of his farm, occasioning him great damage.

On same day, July 26, 1927, D. M. Geist, Esq., J. M. Owens, C. E. and A. F. Hess, members of the county board of viewers, were appointed viewers for the purpose prayed, and Wednesday, Aug. 17, 1927, 10 o'clock A. M.,

fixed for view and hearing. The viewers filed their report Aug. 22, 1927, setting forth that they had gone upon the premises, and after hearing, and having taken into consideration the facts developed by the view, the testimony of witnesses and the arguments of counsel, and having fully considered the disadvantages and the special advantages or benefits resulting to the land from the location and building of the said road and changing the grade, fixed the damages sustained, in excess of special benefits, at $1000, and awarded that the sum be paid to Henry Booth by Clarion County. From this finding and award, appeal was taken Sept. 19, 1927.

The improvements were made under the Act of Assembly of May 23, 1923, P. L. 341, and its supplements.

The viewers' report shows that they gave notice of the time and place of meeting to all parties interested; that at the time fixed, on the premises, all the viewers were present with Henry Booth and D. C. Corbett, his counsel. After viewing the premises in question and hearing the parties interested, the viewers adjourned the further hearing until Aug. 19, 1927, at 10 o'clock A. M., on the premises, at which time and place a public hearing was held pursuant to the adjournment. All the viewers were present, as was Henry Booth, petitioner, with his counsel, Don C. Corbett.

Report of viewers filed in court Aug. 22, 1927, and the same was confirmed *nisi.*

The county contends by its full board of commissioners that the report of viewers in the said matter in awarding the damages fixed to petitioner is excessive, unjust and unreasonable, and appeals from the report of viewers to the Court of Common Pleas under the act of assembly under which the proceedings were instituted.

"The proceedings upon said petition and by the viewers shall be governed by existing laws relating to the ascertainment and assessment of damages for opening public highways. The county commissioners, or any other party to such proceedings, may appeal from the award of viewers to the Court of Common Pleas and shall be entitled to a trial by jury:" Act of May 23, 1923, § 16, P. L. 341.

The report of viewers shows their procedure to have been in strict accordance with the law. The report shows on its face all the proceedings required. While due notice of the view was served upon the county commissioners, the report of viewers does not show any commissioners to have been present or represented thereat. It is averred by Lewis Collner, solicitor for the board of county commissioners, in his argument on the motion at issue, that he was present at the hearing to represent, and did represent, the commissioners, which averment he says he can substantiate by the testimony of one or more of the viewers.

The only province of the viewers was to proceed as provided by law to ascertain and assess damages, if any, occasioned by reason of the construction, reconstruction or improvement of said highway and amount to be paid to the owner or owners of the property damaged. Every step taken in procedure of the viewers was in accordance with law. Their report was filed Aug. 22, 1927, and confirmed *nisi.* No exceptions were filed thereto. An appeal from report of viewers, upon which the motion to strike off is now in issue, was filed Sept. 19, 1927. Motion to strike off appeal filed Nov. 7, 1927. The only question we now have to consider is whether or not the appeal shall be stricken off as moved for the reasons set out in said motion, namely:

1. The appeal was entered to an interlocutory order and not a final judgment, and was prematurely taken.

2. No appeal taken from the final confirmation of the viewers' report.

3. The county commissioners did not appear in person or by agent or attorney before the board of viewers at the view or hearing, and by not appearing they waived any objection as to the amount of damages assessed.

4. No exceptions to the report of viewers were filed. No question of form or of law is raised on the appeal.

Taking the "reasons" as set out in order:

Counsel for the county commissioners contends that the procedure in taking the appeal follows the Act of June 13, 1874, P. L. 283, and is proper. Counsel for the petitioner urges that the Act of May 26, 1891, P. L. 116, governs the procedure and that the appeal was entered Sept. 19, 1927, two days before the final confirmation of the report, and is, therefore, premature.

1. The Act of May 26, 1891, which gave to any party aggrieved the right of an appeal within thirty days *after decree of confirmation* of the viewers' report in the Quarter Sessions, gives no appeal at all *from the award*, but allows "any party *aggrieved by the said decree of confirmation* to appeal therefrom." The Act of June 13, 1874, providing for an appeal to the Court of Common Pleas of the proper county within thirty days of the ascertainment of the damages or the filing of a report thereof in court, gives the right of appeal from the award itself, of which the party appealing may avail himself at once without waiting for the action of the court, and must avail himself, if at all, within thirty days "and not afterwards," under the act. The appeals differ and may be taken at a different stage of the case. "The two systems are not irreconcilable, but may run together with entire harmony. The Act of June 13, 1874, is not repealed by the Act of May 26, 1891:" Vernon Park's Appeal, 163 Pa. 70. "Both acts are in furtherance of the same right to a jury trial, and a party may make his choice of remedies. One questions the assessment by the (viewers') jury, the other attacks the decree confirming the assessment:" Spear *v.* Montgomery Co., 24 Pa. C. C. Reps. 177. Upon the question raised as to the county not being such a municipal corporation within the meaning of the Act of 1874, under which the County of Clarion takes its appeal. Finding, as we do, that the proceedings in the view were regular and in accordance with the law, and the statute (Act of May 23, 1923, P. L. 341) specifically granting the right of county commissioners to "appeal from the *award* of the viewers to the Court of Common Pleas," we must rule adversely to the contention of petitioner on that point.

Reason No. 1 is overruled.

2. No appeal taken from the final confirmation of the viewers' report. Holding, as we do, that the appeal, as taken under the Act of June 13, 1874, is valid and proper, the fact of no appeal taken after the confirmation, Sept. 21, 1927, is immaterial.

Reason No. 2 is overruled.

3. Failure of the county commissioners to appear in person, by agent or attorney before the board of viewers waiving any objection to the amount of the damages assessed. Irrespective of the averment by the solicitor for the county commissioners as to his being present at the hearing before the board of viewers, no questions of fact seem to have been raised at the view or hearings in the matter by or on the part of the county commissioners. In this case, the construction, reconstruction and improvements were already made. All the viewers had to do at the view and hearings was to ascertain and assess what in their judgment the damages over benefits amounted to and make report thereof to the court. The law imposes no penalty upon the commissioners for not appearing at the views or hearings. Views of this

character differ from views in the laying out of roads where the location and description with costs and damages incident are to be determined. From the fact that due notice shall be given to the county commissioners, we must assume that it is for some purpose. While it might be best for the county commissioners, or some representative for them, to be present at views or hearings to possibly aid the viewers the better to discharge their duties and look after the interests of the county, we do not feel, nor can we find authority directly in point, that it is necessary for the county commissioners, or some one to represent them, to be present at the views or hearings such as that in this case.

Reason No. 3 is overruled.

4 (a). No exceptions filed. "The filing of exceptions to the report of viewers has nothing to do with the right of appeal:" Bowers v. Braddock Borough, 172 Pa. 596, 600; Clarion Borough's Petition, 77 Pa. Superior Ct. 429, 433. Reason No. 4 (a) overruled.

4 (b). It is true that no question of form or of law is raised on the appeal.

And now, Dec. 30, 1927, after hearing arguments of counsel, upon due consideration, for and by reason of the findings and conclusions above set out, rule to show cause is discharged. Motion to strike off appeal is refused.