## Commonwealth v. Simonton

*Ralph F. Fisher*, for plaintiff.
*W. Burg Anstine*, for Commonwealth.

SHERWOOD, P. J., December 14, 1945.—This matter is before the court on a motion to quash (in the nature of a demurrer), indictment no. 90, April sessions, 1945, charging defendant, in the language of the statute, with the violation of section 825(c) of the Game Law, of June 3, 1937, P. L. 1225. This section provides in part:

"Every person who shall, in violation of any of the provisions of this section, kill a human being in mistake, shall upon conviction, for the first offense be sentenced. . . ."

At the argument, defendant contended that the above section of the act is unconstitutional in that it violates article III, sec. 3, of the Constitution of Pennsylvania, which is as follows: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title"; and for this reason the indictment should be quashed.

The title to the Act of June 3, 1937, P. L. 1225, generally known as the Game Law, and the act under which the defendant is charged, is as follows: "Concerning game and other wild birds and wild animals; and amending, revising, consolidating and changing the law relating thereto."

The general principles governing the construction of article III, sec. 3, of the Pennsylvania Constitution, have been so frequently reiterated by the courts of the Commonwealth that a brief reference to them will suffice. It is well settled that this provision does not require that the title of a statute must be an index to its contents; nor a synopsis thereof: Commonwealth, ex rel., v. Liveright et al., 308 Pa. 35; Commonwealth ex rel., v. Irvin, 110 Pa. Superior Ct. 387; Soldiers & Sailors Memorial Bridge, 308 Pa. 487. The title of an act need only name the real subject of legislation and designate that subject with sufficient clearness so that one of "reasonably inquiring state of mind" would be put on inquiry as to the body of the act: Constitutional Defense League v. Waters, 309 Pa. 545. In determining whether the title of an act is sufficient, the Constitution presupposes such a state of mind as would cause the reader to follow the trail indicated by the main part of the title into the body of the act: Boocks' Petition, 303 Pa. 363; Fedorowicz v. Brobst, 254 Pa. 338; Graeff v. Schlottman et al., 287 Pa. 342; Baker et al. v. Kirschnek et al., 317 Pa. 225.

In Commonwealth v. Stofchek, 322 Pa. 513, the court said:

"The real purpose of section 3 of article III, must be considered in answering the question raised by appellant. The provision was not intended to exercise a pedantic tyranny over the grammatical efforts of legislators, nor to place them between the horns of a constructional dilemma, namely, that the title of an act must be so general or so particularized as to include all of its subject-matter, and yet not so general as to give no indication of its purpose, nor so particular as to inferentially exclude from its scope any items inadvertently omitted. As stated in Soldiers and Sailors Memorial Bridge, . . . the provision is not applicable 'unless a substantive matter, entirely disconnected with the named legislation, is included within the folds of the bill'. It is intended to operate to exclude from the measure that which is secret and unrelated. . . . The history of this section indicates that this is its true purpose."

Defendant's contention is that the title to the act is not sufficient to put any one interested in the general subject on inquiry concerning the provisions which relate to the general safety of the public. The title of the act clearly indicates that it is a consolidation of earlier acts on the subject, and the legal principles applicable to an act consolidating earlier acts are set forth by the late President Judge Keller in Borough of Williamsburg v. Bottenfield, 90 Pa. Superior Ct. 203:

"Article III, section 3, of the Constitution does not require that a general act consolidating many statutes enacted over a course of years, with reference to some broad subject of legislation, shall in its title refer to all the other subjects collaterally affected by the passage of the various statutes to be consolidated. Those affected by such legislation were put upon notice of its effect on them when the statutes were originally enacted in compliance with article III, section 3 of the Constitu-

tion aforesaid, with the subjects of legislation clearly expressed in their respective titles. It is not necessary to repeat them again in the title of the consolidating act, provided the subject is germane to the general subject of legislation as it existed when the consolidating statute was passed. . . . The title of a consolidating act must be passed upon in the light of the legislation already existing on the subject at the time of its passage." See also Commonwealth v. Evans, 156 Pa. Superior Ct. 321 (1944).

The section in question had been previously enacted into law by the Legislature of the Commonwealth of Pennsylvania by an Act of May 20, 1921, P. L. 968, the title to which was as follows:

"Giving additional protection to human beings in this Commonwealth, and imposing penalties upon those who may shoot at or wound or kill a human being in mistake for either game or other wild creatures."

A careful reading of the Act of June 3, 1937, sec. 825 (c), P. L. 1225, shows that it is a reënactment of the Act of May 20, 1921, P. L. 968, substantially the same language being used in both acts. To the extent to which an act reënacts existing law without changing it, notice of the subject matter need not be given in the title: House of Refuge v. Luzerne County, 215 Pa. 429.

Applying the legal principles enunciated in the case of Borough of Williamsburg v. Bottenfield, supra, we are of the opinion that where an act consolidates prior laws (as does the Act of June 3, 1937, P. L. 1225), those affected by such legislation were put upon notice of its effect on them when the statutes were originally enacted; and it is not necessary to repeat them again in the title of the consolidating act, provided the subject is germane to the general subject of legislation as it existed when the consolidated statute was passed. The act is not unconstitutional as violating article III, sec. 3, of the Pennsylvania Constitution.

It, therefore, follows that the motion to quash, in the nature of a demurrer, must be discharged.

And now, to wit, December 14, 1945, it is ordered, adjudged and decreed that defendant's motion to quash, in the nature of a demurrer, is overruled and discharged; and an exception is granted to defendant David B. Simonton to the action of the court in this regard.